THE WENONA COAL COMPANY

*v.*

EDWARD HOLMQUIST.

*Filed at Ottawa October 29, 1894.*

1. INSTRUCTIONS—*must be presented in writing to be marked.* A motion to instruct the jury to find for defendant on the whole case, to be availed of on appeal, must be by the submission of a written instruction to be marked "given" or "refused," as the statute requires.

2. SAME—*to take case from jury—court cannot weigh evidence.* On motion for instruction to find for defendant or to exclude evidence, the judge cannot weigh and determine the preponderance of evidence, the only question being whether there is evidence tending to establish the liability.

3. SAME—*as to comparative negligence—how cured.* An instruction announcing the now obsolete doctrine of comparative negligence is cured by others which require the exercise of ordinary care by plaintiff as a condition of recovery.

4. SAME—*the expression "some slight negligence," not error.* The expression "some slight negligence" is equivalent to "some negligence which is slight," and these words, in an instruction on comparative negligence, do not amount to an instruction to the jury that plaintiff's negligence was, in fact, slight.

5. SAME—*should be construed together.* The charge to the jury should be construed as a whole, and where an instruction which is excepted

152   $\overline{581}$
190   [7]141
152   581
195   [10]107
100a   [5]263
152   581
102a   [2]472
152   581
106a   [2]139
152   581
110a   13
152   $58\overline{1}$
e209   [3]314
152   581
212   31
212   56
212   273
113a   [9] 46
113a   [2]306
113a   [11]562
152   581
115a   [1]   7
115a   [1]518

to, when read in connection with others, enlarges and amplifies their meaning, and is not inconsistent or misleading, it is not erroneous.

6. FELLOW-SERVANTS—*servant vested with charge and control.* An employee vested with full charge and control of workmen in a particular branch of the business, is, in governing and directing the men in such branch, a representative of the master.

7. SAME—*commands of vice-principal are master's commands.* Commands given by such an employee, within the scope of his authority, are commands of the master, and for the negligent or unskillful exercise of his authority over the men the master must answer.

8. SAME—*relation a question of fact, definition a question of law.* The question of the relation of two servants to each other in the work is one of fact, for the jury, but the definition of fellow-servants to be applied is a question of law.

9. SAME—*who are fellow-servants.* If, at the time of the injury, the two servants are directly co-operating in a particular business, or if they are brought by their usual duties into habitual consociation, so that they may exercise an influence upon each other promotive of proper caution, they are fellow-servants.

10. SAME—*when averment and plea put the question in issue.* Where the declaration avers that the men were not fellow-servants, the plea of the general issue puts that averment in issue, and also admits the sufficiency of the counts.

11. NEGLIGENCE—*the true rule of recovery for.* In order to entitle the plaintiff to recover in an action for negligence he must show that at the time of the injury he was in the exercise of ordinary care, and that defendant was guilty of such negligence as caused the injury.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

This is an action brought by appellee against appellant to recover damages for a personal injury, resulting in verdict and judgment for the plaintiff in the trial court and an affirmance of the judgment in the Appellate Court.

The declaration avers, that the defendant is an Illinois corporation engaged in the business of mining and shipping coal at Wenona, and that the plaintiff was employed by it in its said business when the accident occurred. The

first count alleges, that it was the duty of defendant to have proper rules and regulations for the conduct of its business, and make the same known to its employees, clerks, foremen, superintendent and others in its employ, and enjoin and enforce the observance of such rules and regulations for the reasonable protection of the plaintiff from injury whilst engaged in said employment; that on the 13th day of February, 1891, the defendant neglected and failed to provide such rules and regulations, or to make the same known to its employees, clerks, foremen or superintendent, or to properly enforce or enjoin upon its said employees the observance of such rules or regulations, whereby, whilst the plaintiff, with due care, was engaged in loading with coal a car which was standing on a track alongside of a chute, certain other employees, not fellow-servants with the plaintiff but engaged in switching cars, allowed a certain car or cars to collide with and jam against the said car which the plaintiff was helping to load, thereby forcing said last mentioned car against the plaintiff, and crowding and crushing him against a certain platform, and thereby seriously and permanently injuring him.

The second count alleges, that it was the duty of the defendant to employ such persons as were reasonably necessary to do the work of loading coal and switching cars with reasonable safety against accident, and against injury to the plaintiff, yet on the 13th day of February, 1891, the defendant neglected its duty in that regard, and thereby the plaintiff, who, with due care on his part, was helping to load a car standing on the track opposite a coal chute, was unable to warn certain other of defendant's employees who were switching cars for defendant, but who were not plaintiff's fellow-servants, that plaintiff was thus helping to load said car, and was, notwithstanding the use of certain care on his part, in a dangerous position, so that if said car should be moved whilst the plaintiff was thus situated he might be killed

or seriously injured, and defendant's employees, who were switching cars as aforesaid, could not, by the use of reasonable care, discover that plaintiff was in a position to be seriously hurt if other cars should collide with said car, whereby plaintiff was injured by another car or cars being switched and coming against said car so being loaded, and forcing said car against plaintiff and crowding and crushing him against a certain platform.

The third count alleges, that the plaintiff being in the employ of defendant as a laborer, it was the duty of defendant, by its agents and foremen, to use reasonable care, when setting the plaintiff to work, not to unnecessarily expose him to danger or injury, yet the defendant, on the 13th day of February, 1891, neglected said duty, and a certain foreman of said defendant, to-wit, one John Marlin, who was not a fellow-servant of plaintiff, negligently and carelessly ordered plaintiff to tend the shutter of a certain coal chute through which coal was being run into a car standing on a track opposite to said chute; that said foreman knew, or by the use of reasonable care would have known, that certain other cars on said tracks were being switched or about to be switched, and that unless the employees of defendant who were doing said switching were informed that plaintiff was thus engaged tending such shutter, said switchmen might run said cars against the car which plaintiff was thus helping to load, and injure plaintiff; that plaintiff properly obeyed said order, and whilst he was, with due care, attending said chute, said switchmen, who were not fellow-servants of plaintiff, switched a certain car or cars upon said track on which the car being loaded stood, and said cars so switched ran with great force against said car, and forced the car last mentioned against plaintiff, and crowded him against a platform or structure with such force and violence as to then and there seriously and permanently injure him.

The fourth count alleges, that the plaintiff being in the employ of defendant as a laborer, it was the defendant's duty, by its agents and shipping clerks, to use reasonable care not to unnecessarily expose said plaintiff to danger or injury, yet the defendant, on the 13th day of February, 1891, neglected said duty, and a clerk, Charles Walker, then and there in the employ of defendant, and having charge of defendant's switchmen and work of switching, but who was not a fellow-servant of the plaintiff, negligently caused certain other of the defendant's employees, who were not plaintiff's fellow-servants, to switch and move certain cars at a time when Walker knew, or by the use of reasonable care would have known, that plaintiff was engaged in helping to load a certain other car in the vicinity of said cars to be switched, and that unless said switchmen were informed that said car was being loaded, and cautioned not to allow any of the cars being switched to come in contact with said car, the plaintiff would be in great and unnecessary and unusual danger of being injured; that by reason of said negligence of said Walker, the said switchmen, not knowing that the plaintiff was engaged in helping to load said car, allowed a certain other car or cars to run against the said car so being loaded; that by the collision which thereupon took place, the said car so being loaded was violently forced against plaintiff, and he was crowded and jammed against a certain platform and seriously and permanently injured.

The fifth count alleges, that the plaintiff being then and there in the employ of the defendant as a laborer, it was the duty of the defendant to use reasonable care to employ only competent persons in the prosecution of its said business, so that the plaintiff's safety might not be unnecessarily endangered, yet the defendant, not regarding its duty, on the 13th day of February, 1891, by its officers, agents, superintendent, foremen and clerks, who were not co-employees with the plaintiff, negligently,

carelessly and improperly caused and permitted two persons, to-wit, William Roberson and William Troedson, to engage in the switching of certain cars for said defendant, the said defendant then and there knowing, or having reason to know, that the work of switching cars was and is a work which, to be done safely and properly, required special knowledge and experience on the part of those engaged therein, and then and there knowing also, and having reason to know, that said Roberson and said Troedson did not have such special knowledge and experience, and that the said Troedson was by occupation a blacksmith, working at said trade in the business of said defendant as a miner and shipper of coal; and the plaintiff avers that by reason of said negligence, carelessness and improper action on the part of the defendant aforesaid, and whilst the plaintiff, with due care and caution, was helping to load a certain car with coal, a certain other car came into violent collision therewith, by reason of the said incompetency and unskillfulness of the said Roberson and the said Troedson, whereby the plaintiff was forced and jammed between the said car so being loaded and a certain platform or structure, and whereby the plaintiff was seriously and permanently injured.

A demurrer was overruled to the 1st, 2d and 3d and sustained to the 4th and 5th counts, with leave to amend the declaration instanter. The plea of general issue was then filed to the whole Narr. and each count of it.

The Court gave all the instructions asked by both sides. Those given for the plaintiff were only two in number and are as follows:

"Although the jury may believe, from the evidence, that the plaintiff was guilty of some slight negligence contributing to the injury in question, yet such negligence will not, in law, bar him of a right of recovery herein, provided the jury shall believe, from the evidence, that the defendant was also guilty of negligence contributing to the injury in question, and that such negligence

on the part of the plaintiff was slight when compared with the negligence of the defendant, and that such negligence on the part of the defendant was gross when compared with the negligence on the part of the plaintiff."

"The court instructs the jury that fellow-servants, as used in these instructions, means servants employed by a common master, whose relations are such that, each as to the other, by the exercise of ordinary caution, can either prevent or remedy the negligent acts of the other or protect himself against their consequences; and where there is no right or opportunity to take measures to avoid the negligent acts of another, without disobedience to the orders of a superior, they are not fellow-servants."

Messrs. WILLIAMS & MACLAREN, and Messrs. CRATTY BROS. & JARVIS, for the appellant:

An employee who enters upon any service assumes all the ordinary hazards arising from the performance of the duties of his voluntary engagement, and the employer will not be liable to him for an injury caused without his fault, when he does nothing to render the service more dangerous than it was known to be by the employee before he engaged in it. *Clark* v. *Railroad Co.* 92 Ill. 43; *Railway Co.* v. *Durkin,* 76 id. 395; *Railway Co.* v. *Lonergan,* 118 id. 41; *Railway Co.* v. *Sweeney,* 52 id. 325; *Railway Co.* v. *Asbury,* 84 id. 429; *Railroad Co.* v. *Flanigan,* 77 id. 365; *Railway Co.* v. *Britz,* 72 id. 256; *Railway Co.* v. *Ward,* 61 id. 130; *Camp Point Manf. Co.* v. *Ballou,* 71 id. 417; *Moss* v. *Johnson,* 22 id. 633; *Railroad Co.* v. *Cox,* 21 id. 20; *Stafford* v. *Railroad Co.* 114 id. 244; *Simmons* v. *Railroad Co.* 110 id. 340; *Furnace Co.* v. *Abend,* 107 id. 44; *Pennsylvania Co.* v. *Lynch,* 90 id. 334; *Railway Co.* v. *Clark,* 108 id. 113; *Rolling Stock Co.* v. *Wilder,* 116 id. 100.

Where one instruction is given authorizing a recovery against a railroad for injuries caused by negligence of its servants, which contains no requirement of care or caution on the part of the injured party, the error will not be cured by other instructions which do contain such require-

ment.    *Railroad Co.* v. *Harwood*, 80 Ill. 88 ; *Railroad Co.* v. *Hammer*, 72 id. 347 ; *Linen Co.* v. *Hough*, 91 id. 63 ; *Railroad Co.* v. *Payne*, 49 id. 499 ; *Denman* v. *Bloomer*, 11 id. 177 ; *Railroad Co.* v. *Clark*, 108 id. 114.

Mr. GEORGE WILLARD, and Mr. W. E. MASON, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court :

*First,* it is said that the trial court erred in overruling defendant's motion to exclude the evidence from the jury and to instruct the jury to find for the defendant.    The motion was made after the defendant had introduced its evidence and rested.    Section 52 of the Practice Act, passed in 1872, provides that "hereafter no judge shall instruct the petit jury in any case, civil or criminal, unless such instructions are reduced to writing."    (2 Starr & Cur. Stat. page 1814).    Section 53 provides that, "where instructions are asked which the judge cannot give, he shall, on the margin thereof, write the word 'refused.'" (Idem, page 1815).    We find in the record no written instruction which directs the jury to find for the defendant, and which is marked "refused."    (*L. S. & M. S. Ry. Co.* v. *Bodemer*, 139 Ill. 596; *Pullman Palace Car Co.* v. *Laack*, 143 id. 242 ; *J., A. & N. Ry. Co.* v. *Velie*, 140 id. 59).    The expressions used in the decisions to the effect that the court was "asked to instruct the jury," or "requested to instruct the jury," were intended to refer to requests made by submitting to the court an instruction in writing to be given to the jury.    (*Ill. Cen. R. R. Co.* v. *Nowicki*, 148 Ill. 29).

The defendant asked, and the court gave in its behalf, 27 instructions, submitting the case to the jury in every variety of aspect and requiring them to determine, according to the preponderance of the evidence, the questions, whether the defendant was guilty of the negligence which caused the injury, and whether the plaintiff exercised ordinary care on his part.    If it be admitted that

the defendant did not waive its right to complain of the overruling of that portion of the motion, which had reference to the exclusion of all the evidence from the jury, by asking for instructions submitting the case upon the evidence, still we do not think, that the court committed any error in that regard.   A motion of this kind should not be sustained, if there is proof tending to establish a cause of action.   (*Jones* v. *Fortune*, 128 Ill. 518).    Here, there is evidence, tending to support the allegations of the declaration, which was sufficient to justify a submission of the cause to the jury.   Where a motion is made to exclude the plaintiff's evidence, or an instruction to the jury to find for the defendant is asked, it is not within the province of the judge to weigh the evidence and ascertain where the preponderance is.   His function is strictly limited to determining whether there is or is not evidence legally tending to prove the fact or facts affirmed.   He is never authorized to refuse to submit the case to the jury, or to direct a verdict for the defendant, unless the evidence given at the trial, with all the inferences which the jury can justifiably draw from it, is so insufficient to support a verdict for the plaintiff, that such a verdict, if returned, must be set aside.   (*Frazer* v. *Howe*, 106 Ill. 563 ; *Simmons* v. *Chi. & T. R. R. Co.* 110 id. 340 ; *Bartelott* v. *International Bank*, 119 id. 259 ; *C. & N. W. Ry. Co.* v. *Dunleavy*, 129 id. 132 ; *Pullman Palace Car Co.* v. *Laack*, 143 id. 242).

*Second*, it is claimed that the injury was caused by a fellow-servant of the appellee, and that the appellant was thereby relieved from liability.   There is evidence tending to show, that a shipping clerk named Walker in the service of the defendant had in charge the business of switching the empty cars with mules, and placing them upon the down-grade track, so that they would slide along by their own momentum towards the chute where the loading of the cars took place.   Walker had the charge, direction and control of the men who did the switching.

During the forenoon of the day on which the accident occurred, the trains had been bringing up many cars; "the switch was nearly full of cars; there was hardly room enough to do the switching," and there was difficulty about placing the cars where they were wanted. Thereupon, Walker ordered an employee, whose regular business was that of a blacksmith, to aid in placing and switching the cars. The proof tends to show that this blacksmith started upon its journey the car, which struck the car being loaded by appellee and injured him. On the other hand, the proof tends to show that appellee was subject to the orders and direction of a mine boss named Marlin, and that he had been ordered upon that day by Marlin to clean out the clogged coal chute, so as to let the coal run into the bin and load the car, and was engaged in that work when he was injured. In other words, Troedson, the blacksmith, who did the switching which caused the accident, was under the immediate control and direction of the shipping clerk, while appellee, who was engaged in loading a car and cleaning a chute when the injury was inflicted upon him, was under the immediate control and direction of the mining boss.

Where a master confers authority upon one of his employees to take charge and control of a certain class of workmen in carrying on some particular branch of his business, such employee, in governing and directing the movements of the men under his charge with respect to that branch of the business, is the direct representative of the master, and not a mere fellow-servant; all commands given by him within the scope of his authority are, in law, the commands of the master; and if he is guilty of a negligent and unskillful exercise of his power and authority over the men under his charge, the master must be held to answer. (*C. & A. R. R. Co.* v. *May*, 108 Ill. 288). Whether the shipping clerk, or those acting under his direction, were fellow-servants with the appellee is a question of fact for the jury, although the definition of

fellow-servants may be a question of law. (*I. & St. L. R. R. Co.* v. *Morgenstern*, 106 Ill. 216 ; *C. & N. W. Ry. Co.* v. *Moranda*, 108 id. 576; *C. & A. R. R. Co.* v. *Kelly*, 127 id. 637; *L., E. & St. L. R. R. Co.* v. *Hawthorn*, 147 id. 226). Servants of the same master, one of whom has caused an injury and the other of whom has received an injury, are fellow-servants if, at the time of the injury, they are directly co-operating with each other in the particular business in hand, or if they are brought by their usual duties into habitual consociation, so that they may exercise an influence upon each other promotive of proper caution. (*C. & N. W. Ry. Co.* v. *Moranda, supra; C. & N. W. Ry. Co.* v. *Snyder*, 117 Ill. 376 ; *C. & E. I. R. R. Co.* v. *Geary*, 110 id. 383). But whether or not the facts of a particular case bring it within the definition thus given of fellow-servants, that is to say, whether the servant causing the injury and the servant receiving the injury are thus co-operating or consociating, is a matter to be determined by the jury. (*C. & A. R. R. Co.* v. *Kelly, supra*). Here, the declaration expressly avers that they were not fellow-servants ; and the plea of the general issue not only puts that averment directly in issue, but is an admission, in law, upon the record, of the sufficiency of the respective counts to which it is pleaded. (*C. & N. W. Ry. Co.* v. *Goebel*, 119 Ill. 515). The question of fact was decided by the trial court in favor of appellee, and the judgment of the Appellate Court affirming the judgment of the trial court is conclusive here as to such fact. (*C. & A. R. R. Co.* v. *Kelly, supra*).

*Third,* error in the instructions given for the plaintiff is complained of. The first instruction is objected to upon the ground, that it does not require the exercise of ordinary care by the plaintiff. This is true, if the instruction is considered by itself, but all the instructions, both those given for the plaintiff and those given for the defendant, must be considered together as one charge. Upon examining the instructions given for the defendant, we find that five of them, distinctly and in express terms, say to

the jury that the plaintiff cannot recover unless he shows that at the time of the injury he was in the exercise of ordinary care. Plaintiff's first instruction, although unnecessarily announcing the now obsolete doctrine of comparative negligence, is not inconsistent with the five instructions of the defendant, which require the exercise of ordinary care as a condition to the right of recovery; and, when it is read in connection with such instructions, it could not have misled the jury. This view is sustained by the following decisions of this Court: *Willard* v. *Swansen*, 126 Ill. 381; *C., B. & Q. R. R. Co.* v. *Warner*, 123 id. 38; *Village of Mansfield* v. *Moore*, 124 id. 133 ; *Calumet Iron and Steel Co.* v. *Martin*, 115 id. 358 ; *C. & A. R. R. Co.* v. *Johnson*, 116 id. 206 ; *C., B. & Q. R. R. Co.* v. *Johnson*, 103 id. 512.

It is further objected, that plaintiff's first instruction assumes as a fact that plaintiff's negligence was slight. This is certainly not true of the latter part of the instruction, which expressly requires the jury to find from the evidence that the negligence of the plaintiff is slight. The expression, "some slight negligence" is equivalent to the expression, "some negligence which is slight." That the use of the words, "which is slight," in the connection in which they here occur, does not amount to an instruction to the jury that the plaintiff's negligence is slight, is shown in *C. & N. W. Ry. Co.* v. *Goebel*, 119 Ill. 515. The added words merely express that which would be implied without them. The decision in *C. & A. R. R. Co.* v. *Johnson*, *supra*, sanctions an instruction, which told the jury that, if the plaintiff was guilty of some negligence, yet if his negligence was slight as compared with that of the defendant, and the negligence of the defendant was gross, then plaintiff would not be prevented from recovery on account of his own negligence. But the proper way to instruct the jury is to tell them, that, in order to entitle the plaintiff to a recovery, he must show that, at the time of the injury, he himself was in the exercise of ordinary

care, and the defendant was guilty of such negligence as produced the injury. (*Village of Mansfield* v. *Moore, supra*).

Plaintiff's second instruction is objected to upon the alleged ground, that it does not give the definition of fellow-servants, which is given in *C. & N. W. Ry. Co.* v. *Snyder, supra*, and which is the same as that above set forth in this opinion. To state the objection more specifically, it is said that the second instruction leaves out and takes away from the consideration of the jury the element of co-operation or consociation, and is therefore insufficient and misleading. Three instructions for the defendant presented to the minds of the jury the definition of fellow-servants as laid down herein and in the *Snyder* case, *supra*. These three instructions contain the element referred to ; they expressly require the co-operation and consociation involved in the definition adopted in the *Moranda* cases, 93 Ill. 302, and 108 id. 576 ; the second instruction of plaintiff when read in connection with these three instructions merely explained and amplified their meaning. The language of the second instruction is the language used by this Court in *Rolling Mill Co.* v. *Johnson*, 114 Ill. 57, where it was said, that the idea of the ruling, which requires co-operation or consociation in order that servants of the same master may be co-employees, "is, that the relations between the servants must be such that each, as to the other, by the exercise of ordinary caution, can either prevent or remedy the negligent acts of the other or protect himself against its consequences; and, of course, where there is no right or no opportunity of supervision, or where there is no independent will, and no right or opportunity to take measures to avoid the negligent acts of another without disobedience to the orders of his immediate superior, the doctrine can have no application."

We do not think that the instructions upon the subject of fellow-servants, considered as a whole, were inconsistent, or misleading.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*