## Hartford Deposit Co. v. John Pederson.

1. QUESTIONS OF FACT—*For the Jury.*—Whether an elevator was furnished with the best safety devices known and in use at the time of an accident, and whether a defect in those appliances or devices was a latent one, and such as had not been and could not be, discovered upon due inspection, nor by the application of the usual and recognized tests of science in that behalf, are questions of fact for the jury.

2.· INSTRUCTIONS—*Must be in Writing.*—Oral instructions are not permitted under our statute, and the court is not bound to heed an oral request that the jury be instructed in any particular.

3. PRACTICE—*Reasons for New Trial.*—Errors which are relied upon as grounds for reversal should be brought to the attention of the trial court in the written reasons filed in support of a motion for a new trial.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

BURNHAM & BALDWIN, attorneys for appellant.

J. Warren Pease, attorney for appellee; W. S. Elliott, Jr., of counsel.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

The appellee recovered a judgment of three thousand dollars for personal injuries occasioned to him by the falling of an elevator, in which he was descending as a passenger, from the eighth floor of the fourteen-story building owned and operated by the appellant, situated at the southwest corner of Dearborn and Madison streets, Chicago.

The defense below, and the grounds urged here for a reversal, may briefly be stated to be that the elevator was furnished with the best safety devices known and in use at the time, and that the defect in those appliances, or devices, was a latent one, and such as had not been and could not be, discovered upon due inspection, nor by the application of the usual and recognized tests of science in that behalf.

Such matters are all questions of fact, which, upon very full evidence adduced on the trial before a jury, both for and against, and after presumably full consideration by the trial judge, who heard and saw the witnesses, have been determined adversely to the appellant.

But a single instruction was asked or given in behalf of the plaintiff, and it is not argued that such was erroneous in any respect, and all instructions asked by the defendant were given. There is, therefore, no question of law presented to us, except in the one particular, that it was "error for counsel (of the plaintiff) to persist in offering evidence after it had been declared inadmissible by the court."

The offers complained of, made three times during cross-examination of defendant's witnesses, were made to show that the defendant, immediately after the accident, replaced the pipes in use (one of which burst and caused the fall), with others much stronger.

Upon objection to such offer, the objection was always sustained, and of course such ruling could not be excepted to by the one in whose favor it was made. But it is said:

·"The error which we claim is the refusal of the trial court to instruct the jury to disregard this offer, in the nature of an argument to the jury, of evidence so manifestly calculated to lead the jury to a wrong conclusion."

The record is devoid of any such instruction being offered by the defendant. If it were requested at all, it was done orally, and oral instructions are not permitted under our statute. We will not assume that if such an instruction in writing had been offered, it would not have been given, and the court was not bound to heed an oral request that the jury be instructed in any particular. Wenona Coal Co. v. Holmquist, 152 Ill. 581.

Furthermore, the written reason in support of the motion for a new trial made no reference to the persistent attempt that is complained of, as should have been done if appellant desired to raise the question in this court, independently of asking a specific written instruction that would cover the point.

For aught contained in the record, the judgment must be affirmed.