# CASES

### IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—OCTOBER TERM, 1897.

## John M. Kean v. West Chicago Street Railroad Co.

1. TRIALS—*Taking a Case from the Jury.*—If the evidence with all the legitimate inferences which may be deduced from it. tends to support the plaintiff's case, the case can not legally be taken from the jury.

2. SAME—*Functions of Judge and Jury Defined.*—When the evidence is conflicting the question as to what is credible is for the jury, and it is not within the province of the judge to weigh the evidence and ascertain where the preponderance is. His function is strictly limited to determining whether there is or is not evidence legally tending to prove the fact or facts affirmed.

3. NEGLIGENCE—*Failure of Passenger on Street Car to Hold to Platform Bar.*—It is not negligence *per se* for a passenger riding on the platform of a street car to omit to avail himself of the platform bar, to prevent falling off.

4. INSTRUCTIONS—*Should be in Writing.*—When a peremptory instruction is given to find for one of the parties, it is the better practice to put the instruction in writing.

5. BILLS OF EXCEPTIONS—*Effect of Omission of Date and Formal Conclusion.*—A bill of exceptions was signed and sealed by the judge who presided at the trial and was filed within the time limited by the court, but it did not appear when it was signed, and it had no formal conclusion. *Held*, that it must be presumed that it was signed before filed, and that as it purported to be a bill of exceptions the omission of a formal conclusion, although not good practice, did not invalidate it.

Trespass on the Case, for personal injuries. Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

(38)

Heard in this court at the October term, 1897.   Reversed and remanded.
Opinion filed January 27, 1898.

JOHN F. WATERS, attorney for plaintiff in error.

ALEXANDER SULLIVAN, attorney for defendant in error;
E. J. McARDLE, of counsel.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF
THE COURT.

This was case by plaintiff in error against defendant in
error to recover damages for personal injuries alleged to
have been occasioned by the negligence of the defendant.

The court, at the close of the defendant's evidence, orally
directed the jury to find for the defendant, which they did,
and judgment was entered on the verdict.   It is assigned as
error that the court erred in directing a verdict for defend-
ant, and also erred in giving such direction orally, instead of
by written instruction.

Waiving, for the present, consideration of the manner in
which the direction was given, the question whether or not
the court erred in directing a verdict for the defendant,
depends on whether or not there was evidence tending to
support the plaintiff's case, as stated in his declaration.   The
declaration, after averring that the defendant owned and
operated a railroad on Center avenue and Twenty-first
street, in the city of Chicago, and received the plaintiff as a
passenger on one of its cars, proceeds as follows:

"That while he was such passenger on one of defendant's
east-bound cars at a point on Twenty-first street between
Lincoln and Wood streets in said city, and was in the exer-
cise of all due care and caution, standing upon the platform
of said car, the driver—defendant's servant—in charge of
said car, while striking or attempting to strike the horses
attached to said car, carelessly and negligently hit plaintiff
in the face, causing him to lose his balance; and carelessly
and negligently struck the horses attached to said car,
thereby then and there causing said car to be suddenly and
violently jerked, whereby plaintiff was thrown off from said
car to and upon the ground there, under said car, the wheels

of which ran over the right foot, ankle and leg of plaintiff, severely crushing, bruising, fracturing and mangling the same, and plaintiff's head was severely and dangerously cut, bruised, wounded and injured, and plaintiff was otherwise severely and dangerously cut, bruised, wounded and injured," etc.

The plaintiff testified in chief: "Live at 603 Blue Island avenue; at the time injury was inflicted I lived at 691 West Twenty-first street; accident happened at 5:45 in the evening; I was going back to the engine company quarters; was due there at six o'clock; was going from a friend's house, who lived at Twenty-second and Robey streets; I got on the car in the middle of the block, between Robey and Lincoln; I got on the Twenty-first street car. It was a closed car I got on; it had two horses attached to it; it was December 12, 1892—Sunday—in the evening; the car was going east; I got on the car in the middle of the block, between Robey and Lincoln, on the right-hand side of the car, going east; I was smoking a cigar at the time; I jumped on the right-hand side of the platform; I stepped over on the left-hand side and rode one block and to the middle of the next block, where I was thrown off; I had a cigar in my mouth like this (indicating); I pulled out my watch and says, 'What time are you due at Center avenue?' because the car was going a little slow at the time; it was not going as fast as I thought it ought to go, and the answer I got was, I got struck in the face from the lines, knocking the cigar out of my mouth and the sparks flew; I turned round like that (indicating), and the horses gave a sudden jerk and the jolt of the car threw me off, and the wheels crushed my foot."

On cross-examination he testified as follows: "The horses were going slow—kind of a trot; I thought maybe the man was slowing up that was driving. I did not tell him to drive fast there, but simply asked him what time the car was due down there; he did not answer; he used the lines just after I asked the question; he had the lines in the left hand, his right hand on the brake; he used the lines, as I

say, with the left hand; they struck me as he threw them over his left shoulder in whipping up the horses. I was standing right behind and got it in the face. I was wearing a regular fireman's hat, that has a visor standing out in front an inch and a half, possibly two inches wide. I have the cap home; would have brought it if I had thought you wanted it. The lines came sideways over my face; they flapped around as he threw them over his shoulder; they came from the side just enough to strike me in the face without hitting my hat at all, striking me on the nose. The driver was on the south side of me, so the lines came from the south. I dodged to the left of him toward the outside of the car; the sparks flew in my face. The only reason why I should dodge to the side of him was that I had more room that way, and because they came from the direction where he was. I don't exactly know how much space was between the door and back of him where he was sitting; but I could walk through there, and did walk through before I got to the north side of the platform. As I dodged toward the left the horses started and gave a jump and the jolt of the car and sudden cracking of the lines threw me around and off; it was the sudden starting of the car and the lines that threw me off. I should not have been thrown if I hadn't got struck."

It was admitted by counsel for defendant that the defendant owned and operated the car in question. William Ross, a witness for the defendant, testified that he saw the plaintiff fall from the car. There was ample evidence that he was injured as averred in the declaration.

The rule, as before stated, is that if the evidence, with all the legitimate inferences which may be deduced from it, tends to support the plaintiff's case, the case can not legally be taken from the jury. Chicago & N. W. Ry. Co. v. Dunleavy, 129 Ill. 132; Pullman Pal. Car Co. v. Laack, 143 Ill. 252; Lake Shore & M. S. Ry. Co. v. Richards, 152 Ill. 72; Wenona Coal Co. v. Holmquist, 152 Ill. 581; Jansen v. Siddal, 41 Ill. App. 279.

When the evidence is conflicting, the question as to which

is credible, is one for the jury. "It is not within the province of the judge to weigh the evidence and ascertain where the preponderance is. His function is strictly limited to determining whether there is or is not evidence legally tending to prove the fact or facts affirmed." Wenona Coal Co. v. Holmquist, *supra.*

We think it clear that the evidence of the plaintiff, if credited, tended to prove his case as stated in the declaration.

It appears from the bill of exceptions that the court held that plaintiff was guilty of contributory negligence in not holding on to the rods of the platform. In Ginna v. Second Ave. R. R. Co., 67 N. Y. 596, the court held that it is not negligence *per se* for a passenger riding on the platform of a street car to omit to avail himself of the platform bar, to prevent falling off.

When a peremptory instruction is given to find for one of the parties, it is the better practice to give a written instruction. Wenona Coal Co. v. Holmquist, *supra.*

Appellee's counsel insists that there is no bill of exceptions, and that it does not appear from the instrument purporting to be such, when it was signed, etc. The bill of exceptions is signed and sealed by the judge who presided at the trial, and it was filed within the time limited by the court. It does not appear when the judge signed it, but it must be presumed that it was signed before it was filed. It has no formal conclusion, such as is usual, but it purports to be a bill of exceptions, and the omission of a formal conclusion, although not good practice, does not, in our opinion, invalidate it.

The judgment will be reversed and the cause remanded.