THE SHICKLE-HARRISON & HOWARD IRON COMPANY

*v.*

JOSEPH BECK.

*Opinion filed October 24, 1904—Rehearing denied December 9, 1904.*

1. MASTER AND SERVANT—*master should notify servant of special danger.* It is the duty of the master to notify his servant of special dangers known to him but which are not obvious or patent and of which the servant is not cognizant.

2. APPEALS AND ERRORS—*when not error to refuse instructions.* Instructions the substance of which is embodied in others given or which are not based upon the evidence are properly refused.

*Shickle-Harrison Iron Co.* v. *Beck,* 112 Ill. App. 444, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. SILAS COOK, Judge, presiding.

Appellant, a corporation, was engaged in manufacturing steel and iron at East St. Louis, Illinois. It has in use for moving heavy articles a machine called a "crane." A crane is composed in part of two large steel girders extending entirely across the room in which it is situated. On each side of the room the ends of the girders rest on wheels on an elevated track at a height of from twenty to twenty-five feet above the ground. The tracks are supported by steel columns. The two girders are about five feet apart. On top of these two girders is another track, and on this track is the hoist of the crane, referred to in the evidence as the "break," "heavy hoist" and "auxiliary drum," which runs back and forth across the room. The motive power of the crane is electricity. The crane moving, in this case, east and west on the track above the columns, and the hoist moving north and south lengthwise of the girders, makes it possible for the crane-man to drop his hoist at any place in the room. The wheels on which the crane rests have a plain running surface on the inside, similar to a car wheel. The cog-wheels,

which connect with the line-shaft that operates the wheels, are bolted to and are on the outside of the wheels on which the crane rests, making it a double wheel. The crane is operated from a cage, which is hung from the girders and is immediately in front of the cog-wheels.

At the time of the injury, March 19, 1901, appellee had been in the employ of appellant for twelve or fifteen months. During that time he worked as a gas-maker, then in the chipping department, in the annealing room, and as a machinist's helper in and about the shops. On Monday evening, March 17, 1901, he was directed by the foreman of the machine department to service with Connelly, a crane-man in charge of one of the cranes, for the express purpose of having Connelly instruct him in the use and operation of the crane that he might learn and become fitted for that service. Pending such training or apprenticeship, appellee was under the control and direction of Connelly. His work was from six o'clock in the evening until seven the next morning. About two o'clock of the second morning while on the crane above the cage, appellee's foot was caught in the cog-wheels described and received the injury for which this suit was brought.

The declaration consists of six counts, substantially the same in formal allegation and inducement. The first count alleges, that on the 20th day of March, A. D. 1901, at county of St. Clair, State of Illinois, the defendant owned and operated a certain steel plant; that the plaintiff was in the employ of the defendant and had been for eighteen months prior to said date, as a laborer in and around the several different departments in said plant; that on the date aforesaid the defendant undertook to instruct him how to operate a certain machine known as a crane, which machine was used by the defendant in its said plant to carry heavy articles of steel from place to place; that the plaintiff was ignorant of the working of the machine and the construction and operation of the same, and that it was the duty of defendant to

instruct plaintiff in what manner said machine was operated and to instruct and show him the danger in operating said machine, but contrary to its duty in this regard the defendant carelessly and negligently failed and omitted to point out and discover to the plaintiff the dangerous parts of the machine, and omitted to warn plaintiff that there was danger in operation thereof, and negligently allowed the plaintiff to remain around said machine engaged in trying to ascertain the nature and working thereof until he was injured; that on the day aforesaid, while he was on said machine under and by directions of the defendant, he undertook to climb down off said machine for the purpose of procuring an oil can to be by the defendant used in oiling said machine, and while in the exercise of due care, and without knowledge of any danger and without knowledge of the make-up of said machine or that the same had an uncovered cog in which he might be injured, while getting down, his right foot was caught in the uncovered cog, the side of his foot was crushed and the foot permanently injured; that he was ordered by the foreman in charge of said machine to go after the oil can; that he had no knowledge of any danger in attempting to descend from said machine; that the defendant had such knowledge; that on account of the injury to plaintiff, he was compelled to remain in a hospital four months, and that he has laid out and expended the sum of $100 in trying to heal his injuries, to his damage in the sum of $1999.

The second count charges negligence of the defendant in failing to provide sufficient light; the third in failing to instruct the plaintiff or warn him of dangers and to provide sufficient light; the fourth is based upon the negligence of the foreman Connelly in allowing plaintiff to descend from the machine, and while he was thus exposed, negligently causing the machine to move; the fifth alleges negligence of Connelly in moving the machine without notice to the plaintiff; and the sixth count alleges negligence in failing to have the cog-wheels properly and safely guarded.

To this declaration defendant pleaded the general issue. The case was tried by jury. At the close of plaintiff's evidence, and again at the close of all the evidence, defendant moved the court for a peremptory instruction to the jury to find defendant not guilty. The motion was denied and the instruction refused in each instance. The jury returned a verdict for the plaintiff for $1000 damages. A judgment was entered on this verdict, which has been affirmed by the Appellate Court for the Fourth District, and the record is brought here by appeal.

The foregoing statement of the facts is taken almost wholly from the opinion of the Appellate Court in this cause.

WISE & MCNULTY, for appellant.

WEBB & WEBB, and DILL & WILDERMAN, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

It is urged that the court erred in denying the motion made at the close of all the evidence for a peremptory instruction in favor of the defendant; first, because the master was only charged with the duty of warning the servant of the hidden dangers incident to his employment, and because the danger from which the injury resulted in this instance was a plain, visible and obvious one; second, because the plaintiff was guilty of contributory negligence; and third, because the plaintiff and Connelly, who was engaged in operating the crane and who set the crane in motion at the time of the accident, were fellow-servants.

It appears from the testimony of appellee that the foreman of the establishment directed him to learn the business of operating the crane, and for this purpose he was at work under the supervision and control of Connelly. When the necessity for the services of a machinist arose, Connelly directed the plaintiff to go over the foot-board or walk on the crane on which they were working and call the machin-

ist. For this purpose the appellee climbed up the ladder leading from the cage from which the crane was operated to the walk above the cage, passed along that walk and called Doran, the machinist. When Doran came, he examined the drum, which is a part of the crane that is on a higher level than the walk, and then directed the appellee to go and get some oil. The appellee started to go down the ladder leading to the cage for this purpose, and as it was so dark that he could not see plainly, he was feeling his way with his foot, when the crane was started and his foot caught in the cog-wheels and the injury of which he complains was inflicted. He did not know of the existence of the cog-wheels and could not see that they were cog-wheels on account of the place not being properly lighted. Under these circumstances, it is apparent that the question whether he was in the exercise of due care and whether the danger which resulted in the injury was a hidden one or one that was plain and obvious, were questions of fact to be determined by the jury.

We are inclined to the view that the act of Connelly in starting the crane while appellee was on the walk was the act of a fellow-servant; but that was not the proximate cause of the accident. Had appellee known of the existence of the cog-wheels and the danger therefrom, the exercise of due care on his part would have avoided the injury which he received, notwithstanding the crane was started, under the circumstances shown by the evidence in this case. The proximate cause of the injury was the failure of the defendant to acquaint appellee with the existence and location of the cog-wheels. Had the place where the cog-wheels were located been properly lighted, it is apparent that their existence and the risk attendant upon stepping near them while the crane was in operation would have been so obvious to a man of ordinary intelligence that no duty of pointing out the same would have rested upon the defendant. But it appears from the testimony of the appellee that he could not perceive the

···heels on account of the darkness, and it was therefore a question for the jury whether facts existed which made it the duty of defendant to point the same out to him. The evidence most favorable to appellee, which is all that we can consider in disposing of this assignment of error, with the reasonable inferences to be drawn therefrom, tended to establish negligence on the part of the master in failing to warn the servant of the danger which resulted in the injury complained of, and the motion for a peremptory instruction was properly denied. In the light of the evidence for appellee, the risk was a special one which was not obvious or patent, and of which the servant was not cognizant, and it was therefore the duty of the master to notify him of the existence thereof. *United States Rolling Stock Co.* v. *Wilder,* 116 Ill. 100; *Chicago and Alton Railway Co.* v. *Bell,* 209 id. 25.

Complaint is made of the action of the court in giving instruction No. 4, requested by appellee. This instruction advised the jury that it was the duty of the defendant "to explain to the plaintiff the dangers of said business," and the only objection made to the instruction worthy of consideration is, that it was not necessary for the defendant to point out obvious and patent dangers. An instruction given on the part of the defendant, which,, as abstracted, bears no number, advised the jury that it was the duty of the plaintiff to take ordinary care to learn the dangers of his employment, and that he was required "to inform himself, and was bound to take notice of the ordinary operation of familiar natural laws and to govern himself accordingly, and that if he failed to do this, the risk was his own," and that if the plaintiff was injured as a result of his failure to see what was apparent and open to any person using his eyes, he could not recover. We think the two instructions taken together correctly state the law, and the objection is, therefore, without merit. *Wenona Coal Co.* v. *Holmquist,* 152 Ill. 581; *Beidler* v. *King,* 209 id. 302.

212—18

It is then contended that the court erred in refusing instructions numbered 3 and 4, asked by the defendant. The third rests on the hypothesis "that the plaintiff voluntarily went to work to repair the crane." There is nothing in the evidence upon which to base such an instruction. The plaintiff's testimony was that he was traveling over the crane, engaged in doing an errand. Appellant's evidence indicates that he climbed out of the cage and upon the walk through mere curiosity. There was no evidence whatever that he "went to work to repair the crane."

Defendant's refused instruction numbered 4 in substance is that if the risk was one which, under the law, would be held to be an assumed risk, it was not the duty of the defendant to instruct the plaintiff as to the danger. The proposition contained in this instruction was embodied in another given on behalf of the defendant, and there was therefore no error in refusing this one.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*