## North Chicago Street Railroad Co. v. William F. Baur.

1. NEGLIGENCE—*What is Not Contributory.*—The fact that a passenger on a street car, instead of waiting until the car reached its stopping place, in anticipation of alighting, left his seat and took a position standing upon the rear platform while the car was a block distant from the point of his destination, does not *per se*, make him guilty of contributory negligence.

2. SAME—*What is Not, in a Passenger.*—The fact that a passenger, while standing on the platform of a street car, leaned against the rear dash-board without taking any hold upon it for support, does not operate *per se* to make his conduct negligent.

3. SAME—*Passengers Riding upon the Platform.*—A passenger riding upon the platform of a street car is not necessarily guilty of negligence because he fails to hold on to the rods of the platform.

Trespass on the Case, for personal injuries. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed December 6, 1898.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

MORAN, KRAUS & MAYER, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

Appellee brought this action to recover damages for personal injuries sustained through the negligence of appellant. The trial resulted in verdict and judgment thereon for $3,000.

The facts as established by the evidence are that appellee, while a passenger upon one of appellant's cars, left his seat within the car and stood upon the rear platform of the car. The location of the car at the time of this change of position by appellee was upon Wells street, and about one block distant from and approaching Tell court, where appellee was intending to alight. In other words, instead of waiting until the car reached Tell court, appellee, in anticipation of alighting, left his seat and took a position standing upon the rear platform while the car was a block distant from the point of his destination. While thus standing upon the platform the car was started forward with a sudden and violent jerk, which threw appellee from the platform to the street and caused the injuries for which recovery was had. It can not be disputed that the jury were fully warranted in finding that there was negligence of appellant in causing the car to start suddenly and violently. Nor is it sought by appellant's counsel to question the finding of the jury in this behalf. The entire argument of counsel is devoted to but one question, viz.: that of contributory negligence on the part of appellee. It is urged that the fact of leaving a place of safety, viz., his seat within the car, and going to a place of danger, viz., the rear platform, and standing there without holding to any support, was such an act of intervening negligence upon the part of appellee as must be held to have contributed to the injury, and hence to have barred a right of recovery. We can not assent to this contention. It is true, as urged by counsel, that if appellee had not gone upon the platform he would not have been thus injured, and it might in like manner be said that if he had not entered the car at all he would have been safe from such injury; but neither the one act nor the other can be declared to be *per se* negligent.

Nor does the fact that appellee, while thus standing on the platform, leaned against the rear dash-board without taking any hold upon it for support, operate *per se* to make his conduct negligent.

The precise question here presented was considered by this court in Kean v. W. C. S. R. R. Co., 75 Ill. App. 38. It was there held that a passenger riding upon the platform of a street car was not necessarily guilty of negligence because he failed to hold to the rods of the platform. A similar conclusion was reached by the Court of Appeals of New York in Ginna v. Second Ave. R. R. Co., 67 N. Y. 596.

We hold that the verdict of the jury, to the effect that appellee was free from any contributory negligence, is not against the weight of the evidence.

No complaint is made of any of the rulings of the trial court in matters of procedure or as to the amount of the verdict.

The judgment is affirmed.