# WILLIAM A. BROWN

*v.*

# SARAH C. BROWN.

1. SUMMONS—*service—default.*  Where a bill for a divorce was, upon a default, taken as confessed, and the next day the defendants filed affidavits proving satisfactorily that the person with whom the copy of the summons was left was not a member of his family, and a motion entered to set aside the default, and be permitted to answer, but the motion was overruled: *Held,* that it was error to overrule the motion.

2. PRACTICE—*return of officer—its character.*  While the rule is well established, that the return of an officer can not be contradicted, and is founded on public policy for the protection of innocent persons in their rights acquired under legal proceedings, yet there are some few cases which are excepted from the rule, and this case is one of those exceptions.  But it is not in every case of a default that it will be permitted to contradict the return.

WRIT OF ERROR to the Recorder's Court of the city of Chicago; the Hon. WILLIAM K. MCALLISTER, Judge, presiding.

Mr. CONSIDER H. WILLETT, for the plaintiff in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill for divorce.  The defendant was defaulted, and on the next day appeared and moved to set aside the default.  In support of his motion he showed, by several affidavits of a very satisfactory character, that the person with whom a copy of the summons had been left was not, as stated in the sheriff's return, a member of defendant's family.  The court refused to set aside the default, and a decree of divorce was rendered.

It is perfectly well settled, as a general rule, that the return of an officer can not be disputed.  Where it is sought to contradict the return collaterally, and after rights have been

acquired upon its faith, or innocent persons are to be injuriously affected, courts should firmly apply the rule. Such has been the action of this court in cases of that character.

While, however, this is the well established general principle, cases have occasionally occurred, and will continue to do so, which, in order to prevent the perpetration of a great wrong, must be treated as exceptional. The present case is an excellent illustration. Here, the question arose upon an application to set aside a default. The suit was still pending. No rights had been acquired by any person on the faith of the return. No injury would accrue to any one in consequence of the default being set aside. The defendant having appeared for this purpose, could have been required to answer at an early day.

The rule, forbidding a return to be contradicted, is based on public policy, the reason being, that it is better to require an injured party to seek compensation by an action against the officer, for a false return, than to shake the verity and security of records. But in a proceeding of this kind it is idle to talk of such a remedy. There can be no measure for the damages. Through the false return in this case the defendant lost his wife and the care and custody of his children. What verdict against a sheriff and his sureties can furnish adequate atonement for this? The defendant, if the decree is allowed to stand, has suffered an irreparable injury, and to prevent this we think the court below should have held this case not to fall within the operation of the general rule.

We do not desire to be understood as intimating that in every case where it is sought to contradict a return, pending the suit, permission should be accorded. We only say, that cases sometimes arise, and this is one of them, where the reason of the general rule ceases, and where it is necessary to disregard it in order to prevent the commission of great injustice.

*Mineral Point Railroad Co.* v. *Keep*, 22 Ill. 9, and *Owens* v. *Ranstead,* ib. 161, are cases in which, for similar reasons, parties have been allowed to contradict a return.

The decree must be reversed and the cause remanded.

*Decree reversed.*

Mr. JUSTICE MCALLISTER took no part in the decision of this case.