# MICHAEL C. HICKEY

*v.*

# ALFRED U. STONE *et al.*

1. PRACTICE IN CHANCERY—*affidavit.* Where, in a suit for an injunction, there appeared in the record an affidavit of the defendant denying the allegations of the bill upon which the injunction was sought, but the affidavit appeared to have been filed on the day the writ of injunction was awarded, it was *held*, that the practice in this State did not admit of such an affidavit, made out of court, to be thus brought into the record, and such affidavit had no such place in the record as to entitle it to consideration by this court.

2. SAME—*motion to dismiss the bill—and herein of the office of a demurrer.* In chancery, a motion to dismiss the bill has the effect of a demurrer to the bill for want of equity, and such a motion may be regarded as an oral demurrer.

3. The office of a demurrer in chancery is to bring the merits of the case before the court. It admits all the facts well pleaded,.and asks the judgment of the court, if, upon the facts so admitted, the complainant is entitled to the relief he asks or to have the matters of the bill adjudged in his favor.

4. The same is the office of a motion to dismiss. It admits the facts alleged in the bill and calls for the judgment of the court upon them.

5. The defendant in an execution issued on a judgment at law obtained against him, filed a bill against the plaintiff in the action at law, who had control of the execution, and the officer in whose hands the execution had been placed, to enjoin proceedings under it. The injunction was granted on the allegations that complainant was not indebted to the plaintiff in the action at law, nor was he under any legal liability to him; that no summons or other process was ever served upon him to appear and answer to the action, nor did he know that an action was pending against him at the suit of such party, which, if he had known, he would have appeared and defended; that the first intimation he had of the suit was the execution in the hands of the sheriff; that the judgment was obtained by fraud and imposition on the court rendering it, and that if a summons issued against him and was returned served, the same was untrue, and was made by mistake or fraud: *Held*, upon the motion of the defendants, it was error to dissolve the injunction and dismiss the bill. The allegations of the bill, which were admitted by the motion to dismiss, presented strong equities in favor of the complainant.

6. Officer's return—*whether may be contradicted.* A party may, in some cases, contest the fact of service of process upon him. .

Appeal from the Circuit Court of Tazewell county; the Hon. Charles Turner, Judge, presiding.

Mr. John Lyle King and Mr. William Don Maus, for the appellant.

Mr. C. A. Roberts and Mr. N. W. Green, for the appellees.

Mr. Justice Breese delivered the opinion of the Court:

Alfred U. Stone, a resident of Tazewell county, in this State, brought an action of assumpsit in the circuit court of that county against Michael C. Hickey, the complainant herein,

460 HICKEY *v.* STONE *et al.* [Sept. T.,

Opinion of the Court.

then a resident of Cook county, and recovered a judgment against him for the sum of one hundred and fifty dollars and costs, on which an execution was duly issued and placed in the hands of the sheriff of Cook county to execute.

The complainant filed his bill to enjoin proceedings under the execution, making Stone, the plaintiff in the action at law, and Fisher, the sheriff of Cook county, and Hendricks, his deputy, defendants to the bill.

An injunction was granted on the allegations that complainant was not indebted to Stone, nor was he under any legal liability to him; that no summons or other process was ever served upon him to appear and answer to the action, nor did he know that an action was pending against him at the suit of Stone, which, if he had known, he would have appeared and defended against it; and that the first intimation of the suit was the execution in the hands of the sheriff, and that the judgment was obtained by fraud and imposition on the court rendering it; and the further allegation, if a summons issued against him, and was returned served, that the same is untrue and was made by mistake or fraud.

The prayer of the bill is, that unless Stone consents to vacate this judgment, with leave to complainant to plead any and all defenses, he be enjoined from any further proceedings on the judgment.

An affidavit of Stone appears in the record, as having been filed on the 28th of March, 1870, the day the writ of injunction was awarded, in which he states the time when the suit at law was commenced by him, the return of the first summons not served, and of an *alias* summons returned served on complainant by the proper officer, on the 31st of August, 1869, and stating further, the indebtedness of complainant, and that the judgment is just, and denies all matters and things in the bill alleged, in conflict with the statements in the affidavit.

At the June term, 1870, a motion was made by defendant Stone, to dissolve the injunction, and the same was dissolved, and damages assessed and the bill dismissed.

To reverse this decree, complainant appeals.

The first remark we deem it proper to make, is as to the affidavit made by appellee out of court, and brought into the record.    We are not advised of any practice in a court of chancery in this State to allow of such an affidavit, and it has no such place in this record as to entitle it to consideration by this court.

The question now before us is, was the motion to dissolve the injunction and dismiss the bill properly allowed; or, in other words, was the bill destitute of equity on its face ?

It has been the practice in this State, for many years, to give to such a motion the effect of a demurrer to the bill for want of equity in the bill.    It was said by this court, in *Brill et al.* v. *Stiles et al.* 35 Ill. 308, that a motion to dismiss in such a case might be regarded as an oral demurrer.

The office of a demurrer to a bill in chancery is to bring the merits of the case before the court.  It admits all the facts well pleaded, and asks the judgment of the court if, upon the facts so admitted, the complainant is entitled to the relief he asks, or to have the matters of the bill adjudged in his favor.

The same is the office of a motion to dismiss.    It admits the facts alleged in the bill, and calls for the judgment of the court upon them.

In this view, we are clear the motion to dismiss the bill should have been denied, for the allegations of the bill, on the admission they are true, make a strong case in favor of the complainant.

The effect of the motion to dismiss was to admit that complainant was not served with process in the action at law; that he did not owe the plaintiff in that action; that the return of the officer on the summons, of service, if there be such, was untrue, and made through fraud or by mistake, and that the judgment was obtained by fraud and imposition.

These facts present strong equities in favor of complainant, and being admitted, the bill should not have been dismissed.

That a party may contest the fact of service of process, is settled in the case of *Owens* v. *Ranstead*, 22 Ill. 161, and has been sustained in subsequent cases. *Brown* v. *Brown*, 59 I'l. 315.

For the error in dismissing the bill, the decree is revers d and the cause remanded.

*Decree reversed.*