## Martin Emrich Outfitting Company v. W. E. Brown.

1.  WAIVER—*Of Motion to Find for the Defendant.*—A motion to instruct the jury to find the issues for the defendant is in the nature of a demurrer to the evidence and to be availing on appeal must be abided by.  The defendant, by proceeding to introduce evidence by way of defense, and submitting the case to the jury without renewing the motion, waives the error if any has been committed.

2.  EXCEPTIONS—*How Preserved in the Record.*—The only way exceptions to an order overruling a motion for a new trial can be preserved, is by a bill of exceptions.  A recital by the clerk in the record of the judgment is not sufficient.

**Transcript** from a justice of the peace.  Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding.  Heard in this court at the October term, 1895.  Affirmed.  Opinion filed February 10, 1896.

MYER S. EMRICH, attorney for appellant.

BROWN & NORTON, attorneys for appellee.

The appealing orders in a case must be preserved by a bill of exceptions in order to become a part of the record.  Fireman's Ins. Co. v. Peck, 126 Ill. 493.

A general exception can not be taken to several rulings as an exception in gross, but each exception must be taken to each ruling as it arises in the trial.    Flaningham v. Hogue,

59 Ill. App. 315; E. St. L. Elec. Ry. Co. v. Cauley, 148 Ill. 490; Walter v. Same, 117 Ind. 247; Johnson v. McCulloch, 39 Ind. 270; E. St. L. Elec. Ry. Co. v. Stout, 150 Ill. 9.

An exception must be taken to an order overruling a motion for a new trial before a reviewing court will consider trial rulings.    E. St. L. Elec. Ry. Co. v. Cauley, 148 Ill. 490.

Mr. Justice Shepard delivered the opinion of the Court.

This is an appeal from a judgment in appellee's favor for $65, recovered upon an appeal to the County Court, in an action begun before a justice of the peace, for money paid on account of the purchase of certain personal property, under a contract claimed to have been rescinded.

A great variety of errors have been assigned, among which are, first, that the court erred in refusing to instruct the jury to find the issues for the defendant.

The motion to that end was made at the conclusion of the evidence for the appellee, and being denied, and exception preserved, the appellant proceeded with evidence in defense, and did not, at the close of all the evidence, renew the motion, by instruction, or otherwise.

It is held that such a motion is in the nature of a demurrer to the evidence, and to be availing upon appeal must be abided by, and that the defendant, by proceeding to introduce evidence by way of defense, and submitting the case to the jury without renewing the motion, waives the error, if any.    L. S. & M. S. Ry. Co. v. Richards, 152 Ill. 59.

The next assignment of error to be considered is the overruling of appellant's motion for a new trial.    The only attempt at preserving an exception to the denying of the motion for a new trial, is found in the clerk's entry of judgment against the appellant, which is also copied by the appellant into its supplemental bill of exceptions, wherein, after reciting the overruling of the motion and the order of judgment, it is recited:  "Whereupon, the defendant having entered his exceptions, herein prays an appeal," etc.

The only way exceptions to an order overruling a motion

for a new trial can be preserved, is by bill of exceptions; the recital by the clerk in the record of the judgment will not suffice, and it aids nothing by copying the judgment record into the supplemental bill of exceptions, as was done here in the hope of obviating the objection.

It is the judge and not the clerk who certifies to facts occurring during the trial.

The judgment is a part of the record proper that is certified by the clerk, but not so with the motion for new trial and exceptions to action taken thereon.

A bill of exceptions must show the entering of a motion for a new trial, the overruling thereof, and exception thereto, before an Appellate Court can consider any question of the admission or rejection of evidence, or error in giving or refusing instructions, and such omission can not be obviated by the recitals of the judgment. E. St. L. Electric R. R. Co. v. Conley, 148 Ill. 490; Flaningham v. Hogue, 59 Ill. 315.

Moreover, if what is here shown as a recital in the judgment were embodied in a bill of exceptions, it would lack the essential element of certainty as to what was excepted to.

These two assignments of error being so disposed of, there is nothing left for a court of review to pass upon, and the judgment will be affirmed.