64  291
80  576

# William Kolze v. Thomas R. Jones.

1. WAIVER—*Of a Refusal to Instruct the Jury to Find for the Defend-ant.*—When at the close of the plaintiff's testimony the defendant requested the court to instruct the jury to find for him, the court refused, and he excepted, but followed his exception by the introduction of testimony, he waived his exception to the refusal of the court to grant his request.

. **Trespass**, *quare clausum fregit.* Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

JAMES MAHER, attorney for appellant; A. W. BROWNE, of counsel.

C. A. SURINE, attorney for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

There was testimony on the trial that in 1874 or 1875, one Jacob Koski and his wife went upon the premises in controversy and remained until his death, two or three years later; that the widow remained, and the appellee married her and moved in, in 1878; that after a time—not fixed—she wanted a divorce, and gave the appellee a quit-claim deed to let her off easy; that she married again, and the appellee leased the premises to the new husband and wife to remain for four or five years, but they had not taken possession, and it does not appear when the lease took, or was to take, effect; that the appellee raised a crop on the premises every year; that he occasionally and often slept there.

The case was tried by a jury, without instructions, and the fact that there was counter testimony, not conclusive, raises no question here.

At the close of the appellee's testimony, the appellant asked the court to instruct the jury to find for him, but waived that request by following his exception to the refusal

of it, with the testimony of witnesses before the jury. Kinsley v. International Military Encampment Co., 41 Ill. App. 257, is but one of many cases so holding; L. S. & M. S. Ry. v. Richards, 152 Ill. 59.

There is no reason why the judgment against the appellant for tearing down and carrying away the fence from and filling the well upon the premises should be disturbed, and it is affirmed.