## Wabash, St. L. & P. R.R. Co. v. Adolph J. Kastner.

1.   MASTER AND SERVANT—*Apparent Risks of the Service—Knowledge of Defects.*—A servant entering into an employment which is hazardous, assumes the usual risks of the service and those which are apparent to ordinary observation; and when he continues in such employment with knowledge of the character of defective structures and of the dangers which may be apprehended, he assumes the hazards incident to the situation.

2.   SAME—*Continuing the Use of Defective Appliances After Knowledge.*—If a servant discovers that machinery used in his employment is out of order and dangerous, and does not discontinue the use of the same, giving the proper notice thereof, wait until it is put in proper condition, and is injured by continuing to use the same, or if the injury is occasioned by his careless use, or want of reasonable care, the fault will be his, and the employer, not in fault, will not be liable to him for such injury.

3.   SAME—*No Recovery After Knowledge of Defects.*—An employe can not recover for injuries suffered in the course of the business about which he is employed from defective machinery used therein, if he continues his work after he has knowledge of the defect.

**Trespass on the Case,** for personal injuries.   Trial in the Circuit Court of Pike County; the Hon. THOMAS N. MEHAN, Judge, presiding.   Verdict and judgment for plaintiff.   Error by defendant.   Heard in this court at the November term, 1898.   Reversed and judgment in this court with a statement of facts.   Opinion filed February 7, 1899.

GEO. B. BURNETT, attorney for plaintiff in error.

A. G. CRAWFORD, attorney for defendant in error.

MR. PRESIDING JUSTICE BURROUGHS, delivered the opinion of the court.

This was an action on the case by Adolph K. Kastner as plaintiff, against the Wabash, St. Louis & Pacific Railroad

Company as defendant, in which was rendered a verdict and judgment of $5,000 in favor of the plaintiff, from which the defendant prosecutes a writ of error from this court to reverse, claiming that the Circuit Court of Pike County, where the case was tried, erred (1) in refusing to give proper instructions asked by the defendant; (2) in giving improper instructions at the instance of the plaintiff; and (3) in denying defendant's motion for a new trial.

The grounds of complaint stated in plaintiff's declaration are: first, that the engine had no hand-holds upon it; second, that the track was defective and caused the engine to jolt, whereby plaintiff fell off, and as there was a space between the ends of two of the rails of the track where he fell, his arm was caught therein and so crushed by the wheels of the cars that it had to be amputated.

The evidence shows that the plaintiff was in the employ of the defendant as a brakeman upon a train running between Pittsfield and Pittsfield Junction, a distance of six miles, and had been so employed continuously for a period of eighteen months. The engine in use when the accident happened, was the same one used on this run during the whole time of plaintiff's employment, except for a short time when it was in the shops for repairs. The business of this train required the employes operating it to use the track and side track between Pittsfield and Pittsfield Junction five times a day, and the plaintiff states in his testimony that he was familiar with the condition of this engine and track before he was injured. At the time in question, this engine was upon the side track at Pittsfield Junction, with the front end attached to two freight cars for the purpose of switching them onto the main track and thence onto the Pittsfield branch track. Plaintiff gave the engineer a signal to move ahead, and as he came on, the plaintiff discovering a link and coupling-pin lying upon the ground near him, which weighed about fifteen pounds, and knowing he needed them for use at Pittsfield, he picked them up, and as the engine and cars were passing him, he stepped between the engine and the car to which it was attached, and attempted

to step upon the lower slat of the pilot, so as to put the
link and coupling-pin upon the engine to be taken to Pitts-
field. As plaintiff attempted to step upon the engine, he
tried to grab hold of a projection upon the front of the
engine used as a flag-socket, but just at that time there was
a jolt of the engine, and he, incumbered with the link and
the pin, missed his hold on the flag-socket and fell between
the front end of the engine and the car attached to it, and
the two cars passed over and seriously injured his left arm
so that it had to be amputated. As plaintiff fell, his arm
caught in a space between the ends of the two rails of the
track and he was, on that account, unable to extricate it in
time to prevent the wheels of the cars from passing over it.

Plaintiff testified that he knew the condition of the side
track, of the spaces between the ends of the rails, and had
frequently observed the jolting of the engine when passing
over it at other times, and that he knew before that one on
the engine would get jolted all the way down this track.
He also testified that he spoke to the engineer of this engine
about there being no grab-irons on this engine when it came
back from the shop several weeks before this accident, and
the engineer told him that he (the engineer) had one and
he would take another off the car some other time and put
them on; the plaintiff told the engineer that he wanted it
on right away and that he wanted the engineer to order
grab-irons from Springfield and put on the front end "to
go plumb across," and that the engineer told him "he did
not believe that they would send him any."

At the close of all the testimony, the defendant requested
the court to give an instruction which was in writing and to
the effect that the court instructs the jury to find the defend-
ant not guilty, but the court refused to give the instruction
and the defendant then excepted; and as plaintiff in error
now insists that the court erred in refusing to give this
instruction, because the plaintiff can not recover, even
assuming that the alleged want of proper hand-holds on the
engine, and the rough track, with spaces between the ends
of the rails thereof, as set out in the declaration, were fully

proven to exist; as the plaintiff has himself conclusively shown, that he knew all about such defects, before the accident; and by not quitting, but remaining in its employ after such knowledge, had assumed the increased danger occasioned thereby; since he had not been promised by the defendant, or any of its agents having authority to do so, that such defects would be remedied, and thereby induced to remain in its employ. And we are cited to the following cases in support of the contention. Camp Point Mfg. Co. v. Ballou, Adm'r, 71 Ill. 417; Railroad Co. v. Britz, 72 Ill. 256; Richardson v. Cooper, 88 Ill. 270, and Ames et al. v. Quigley, 75 Ill. App. 446.

And plaintiff in error further insists that the court erred in not giving this instruction, because the evidence showed conclusively that the defendant, knowing the absence of the hand-holds on the front of the engine, and the condition of the track when he attempted to get onto it while in motion, by stepping onto a slat of the pilot when it was coupled to two cars, was himself so clearly guilty of negligence which directly contributed to the injury of which he complains, that as a matter of law, he was not entitled to recover; nor was he using due care for his safety when injured; and in support of this contention, refers us to Railroad Company v. Docherty, Adm'r, 66 Ill. App. 17; Railroad Company v. Louis, 138 Ill. 9, and Chicago City Ry. Co. v. Canevin, 72 Ill. App. 81.

The defendant in error also, in this connection, calls our attention to the following rule of the company which was in evidence, viz.:

" Every employe is required to exercise the utmost caution to avoid injury to himself or to his fellows, and especially in switching or other movement of trains. Jumping on or off trains or engines in motion, entering between cars in motion to uncouple them, and all similar imprudences are forbidden. Yardmasters, conductors, station agents, trainmasters, foremen, and all others in authority are instructed to enforce this rule and to punish all violations of it. No person who is careless of others, or of himself, will be continued in the service of the company."

And insists that the defendant in error violated it on the occasion in question.

The defendant in error contends, in justification of the refusal of the Circuit Court to give this instruction, that as the evidence shows the plaintiff, before the accident, did complain to the conductor of this train and the engineer of this engine, because this engine did not have any hand-holds on it, and that the engineer told him he had one hand-hold he would put on and would take another off a car and put on; and that the engineer did put one on the back end, but did not put one on the front end, but plaintiff expected him to, which was the reason he remained in the employ of the company; and that whether or not the plaintiff was or was not using due care for his safety when injured, was a question of fact for the jury, and there was some evidence tending to show he was, at the time in question, using due care.

And the defendant in error also insists that the plaintiff in error, by introducing evidence on the trial, waived its exception on this instruction and cites us to Wenona Coal Co. v. Holmquist, 152 Ill. 581; Kolze v. Jones, 64 Ill. App. 291; Martin Emrich Outfitting Co. v. Brown, 63 Ill. App. 38, and cases cited.

In order to pass upon the question raised by this assignment of error correctly, it becomes extremely important to carefully consider all the facts upon which the defendant in error bases his claim to a right of recovery in this case, and when thus carefully considered, it fully appears from his own testimony that he had full knowledge of all the defects of which he complains long before the accident; that the only promise made to him to remedy any of them was one made by the engineer in charge of the engine that he would put two hand-holds on the engine; but the engineer is not shown to have been charged with the duty of furnishing them and putting them on, or as standing in the relation of vice-principal to the plaintiff, and, therefore, representing the defendant so as to bind it by such a promise. Having the knowledge of these defects of which he complains, it was his plain duty, we think, to quit his employment, and

as he did not do so, but chose to continue, he must be deemed, in law, to have assumed the risk of such defects (Ames et al. v. Quigley, 75 Ill. App. 446), since he has not shown that he was induced by the plaintiff in error (or any of its agents having such authority) to believe that such defect would be remedied. Besides, it seems to us that no amount of argument could satisfy the mind of a reasonable person that the defendant in error was in the exercise of ordinary care for his own safety when he was injured, for when he voluntarily and against the express rules of his employer went between the car and the engine while in motion, with an iron pin and link weighing fifteen pounds in his hand, and attempted to get up on to the pilot of the engine where there were no hand-holds, and the engine jolting over a rough and rugged track, all known and seen by him, it is perfectly apparent that he was risking, needlessly, imprudently and recklessly, his life and limbs under circumstances which any person with ordinary prudence would not do.

All this he did when the evidence shows there was no pressing necessity for it, but it does show that the link and pin could have been put on the engine or in one of the cars, when they were not in motion; and the rule of the company above quoted, expressly forbade his getting on the engine when it is in motion; so that, we think, under all the evidence and the facts and circumstances surrounding the defendant in error, that he chose a very dangerous and reckless method of putting the link and pin on the engine when in motion, in the express disobedience of a rule of his employer, rather than the safe one of waiting until the engine and cars had stopped, from which it is clearly apparent that the court ought not, nor was it justified in letting a verdict stand finding the defendant guilty in manner and form as charged in the declaration. Bartelott v. International Bank, 119 Ill. 259; Offut v. Columbian Exposition, 175 Ill. 472, and cases cited; Railroad Company v. Docherty, *supra.*

This instruction being asked at the close of all the evi-

dence and the ruling of the court in refusing it excepted to
by the plaintiff in error, it did not waive its exception by
afterward asking other instructions on the merits, as con-
tended for by the defendant in error, and which he insists
is so decided in Kolze v. Jones, *supra;* McCaslon & Co. v.
O'Brien, Green & Co., *supra;* Wenona Coal Co. v. Holm-
quist, 152 Ill. 581, and Martin Emrich Outfitting Co. v.
Brown, 63 Ill. App. 38.   By a reference to all those cases it
will be found that in none of them was the instruction to
take the case from the jury, requested to be given at the
close of all the evidence, and refused and an exception
taken, but on the contrary, such an instruction was asked
and refused at the close of the plaintiff's evidence, and after
being refused the defendant offered evidence and instruc-
tions on the merits, and it was held, thereby waived his
exceptions to its refusal; or (as in 152 Ill. 581) made a mo-
tion to so instruct and failed to offer a written instruction
to be marked "given" or "refused," as required by the
practice act.   But the decision in the case of Bartelott v.
International Bank, 119 Ill. 259, is against the contention of
the defendant in error on this point and we think is decisive
of this question.

As we have come to the conclusion that from the evidence
the court committed reversible error in refusing the per-
emptory instruction to the jury to find the defendant not
guilty (Commercial Ins. Co. v. Scammon, 123 Ill. 601), as
requested after the close of all the evidence offered on both
sides, we deem it unnecessary to discuss the other errors
assigned except by saying that they were well assigned,
and the record shows the court erred in each particular, as
claimed by the plaintiff in error, and its judgment is there-
fore reversed and the cause will not be remanded.

We therefore (under authority of 123 Ill. 601, *supra,*)
enter a judgment in this court in this case for the plaintiff.
in error against the defendant in error in bar of this action
and for the costs in this court.   Judgment reversed.

FINDING OF FACTS TO BE INCORPORATED IN THE JUDGMENT.

We find that the plaintiff in error was not guilty of the

negligence charged in either count of the declaration, in manner and form as therein charged, and we further find that the defendant in error, Adolph J. Kastner, was not in the exercise of due or ordinary care for his own safety when injured, as claimed in his declaration in this case, but that his own carelessness and want of ordinary care, at the time he received the injuries he complains of · in this action, caused him then and there to receive them.