## Frederick C. Hale et al. v. The People's Gas Light and Coke Co.

1.   PRACTICE—*In Cases After Being Reversed and Remanded from
the Appellate Court.*—When a cause is reversed and remanded from the
Appellate Court for a new trial, the trial court is free to proceed to final
hearing of the cause, and to decree or judgment, as it deems lawful, in
the same manner as if no appeal had been taken, except so far as the
opinion of the Appellate Court lays down the law of the case for the
trial court to follow.

Bill for an Injunction.—Appeal from the Circuit Court of Cook
County; the Hon. EDWARD F. DUNNE, Judge presiding.   Heard in
this court at the October term, 1901.   Reversed and remanded.   Opinion
filed June 5, 1902.

ALTGELD, DARROW & THOMPSON, attorneys for appellant.

MEAGHER & WHITNEY, attorneys for appellee; JAMES F.
MEAGHER and JOHN P. WILSON, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

The same pleadings in the record in this case, namely, a
bill filed by appellant Hale and others, and an answer
thereto by appellee, were before us in The People's Gas
Light and Coke Co. v. Hale, 94 Ill. App. 406.   That was
an appeal from an interlocutory order of injunction granted
by the Circuit Court on the bill, affidavits in support thereof,
and the answer of appellee.   We reversed the temporary
order of injunction, and afterward, June 17, 1901, appel-
lant's solicitors notified appellee's solicitors that, on June
18, 1901, they would move the court to set the cause for
hearing, and, at the last date, they so moved.   On the
motion of complainants to set the cause for hearing, the
court made the following order:

" This cause coming on to be heard upon the motion of
complainants to have said cause set for hearing, and said
complainants being represented in court by Altgeld, Darrow
& Thompson, their solicitors, and the defendant being
represented by Winston & Meagher, its solicitors, and the
court being fully advised in the premises, and having read

and considered the opinion of the Appellate Court, First District, on appeal herein,

" It is ordered, adjudged and decreed, that the said bill of complaint be dismissed *sua sponte* for want of equity, to which said order of the court the defendant objects and excepts to the order of the court dismissing said bill, and from which order the complainants, and each of them, severally and jointly, pray an appeal to the Appellate Court for the First District of Illinois, which is allowed, upon the filing of an appeal bond in the sum of $500 within thirty days, certificate of evidence to be filed within thirty days."

After reading the briefs and arguments of appellant's counsel, we are at a loss to understand the object of appellant in taking this appeal. Appellant prayed an appeal from the decree dismissing the bill for want of equity, presumably because he thought it erroneous. His counsel have assigned as error, " The court erred in dismissing the bill for want of equity." In the opening argument of appellant's counsel they do not at all discuss the question whether the dismissal of the bill was erroneous, but confine themselves to the discussion of propositions which they discussed on the appeal from the interlocutory order, and which were decided on that appeal. In their reply brief they gravely assert and argue that the order from which the appeal was taken, and which they have assigned error on, was a proper order, and not erroneous. Appellant's counsel having deliberately taken this position in their printed argument filed in the cause, we would, as we think, be justified in dismissing the appeal, and would be inclined so to do were it not that appellee has assigned, as a cross-error, that " The court erred in dismissing the bill of complaint *sua sponte*, in manner and form as shown by the record in the above entitled cause." We think it evident from the language of the introductory part of the order—" And the court, having read and considered the opinion rendered by the Appellate Court," etc.—that the presiding judge of the Circuit Court considered himself bound, in subsequent proceedings in the cause, by our opinion in the appeal from the interlocutory order. (94 Ill. App. 406.) If the learned judge so thought, he misconceived the effect of the opinion

and decision on that appeal. Section 17 of the statute in reference to appellate courts is as follows:

" All opinions or decisions of said court upon the final hearing of any cause shall be reduced to writing by the court, briefly giving therein the reasons for such opinion or decision, and be filed in the case in which rendered; *Provided*, that such opinion shall not be of binding authority in any cause or proceeding other than that in which they may be filed." Hurd's Rev. Stat. 1901, p. 548.

The cause or proceeding in which our former opinion was filed was an appeal from an interlocutory or temporary injunction, and while our opinion was binding to the extent that the temporary injunction order was improper, on the showing made, it had no binding force or effect whatever beyond that. After an appeal was taken from the interlocutory order, and also after our decision and opinion in the appeal from that order, the Circuit Court was as free to proceed to a final hearing of the cause, and to decree as the court should deem equitable, in view of the pleadings and evidence, as if there had been no appeal from the interlocutory order, and, consequently, no opinion of this court in reference to the order.

The question for decision on the former appeal was, whether the order was valid. We held that it was not. Our opinion to that extent was binding on the court, but no further. The court, in dismissing the bill for want of equity, acted as if the bill had been demurred to, or as if an injunction had been dissolved on motion of the defendant without answer; when the fact was that the bill was fully answered, and the parties, complainants and defendants, were willing to proceed to a hearing. This is evidenced by the motion of the complainants to set the cause for hearing, and by the exception of the defendant to the action of the court dismissing the bill. While the authorities are that if a demurrer or motion by defendant to dissolve an injunction be sustained to a bill solely for an injunction and no motion is made to amend the bill the bill should be dismissed, we know of no authority warranting dismissal of a bill, after answer filed, on motion to set the cause for hear-

Hale v. People's Gas Light & Coke Co.

ing, and against the will of all the parties.  If the parties had been permitted to take proofs, it might have appeared from the evidence that the complainants had a good cause of action; and if the bill. in such case, had seemed to require any amendment to correspond with the proofs, the court, under section 37 of the chancery act, could have allowed the amendment.

In Hickey v. Stone, 60 Ill. 458, the court say, in substance, that the office of a demurrer to a bill, or of a motion by defendant to dismiss the bill, is to bring the merits of the case before the court.  (Ib. 461.)  This because such demurrer or motion admits all facts well pleaded in the bill, and submits to the judgment of the court the question whether such facts are sufficient to entitle the complainant to relief.

A motion to set a cause for hearing admits nothing, does not bring before the court the merits of the cause, and submits to the judgment of the court the mere question whether the cause should be set for hearing.  It does not appear from the order that the court even considered the bill.  The recital in the introductory part of the order is, that the cause came on to be heard on the motion of complainants " to have said cause set for hearing," and that the court had read and considered the opinion of the Appellate Court.

In State v. Parker, 7 S. Car. 235, the court severely criticises the action of the lower court in making an order of its own motion, not asked for on behalf of the party for whose benefit it was made, and holds such action unwarranted.

We are of opinion that the dismissal of appellant's bill was error, and the decree will be reversed and the cause remanded, appellant to pay his own costs.

Reversed and remanded.