THE EAST ST. LOUIS ELECTRIC STREET RAILROAD COMPANY

*v.*

FRANK CAULEY, by his next friend, Thomas Cauley.

*Filed at Mt. Vernon January 16, 1894.*

1. EXCEPTIONS—*can not be taken in gross.* A general exception can not be taken to several rulings as an exception in gross, but an exception must be taken to each ruling as it arises on the trial.

2. SAME—*what bill must show.* A bill of exceptions must show the entry of a motion for a new trial, its being overruled, and an exception to the order overruling the same, before an appellate court can consider any question of the admission or sufficiency of evidence, or error in giving and refusing instructions. The failure of the bill of exceptions to show this can not be obviated by the recitals in the judgment.

3. Where the order overruling a motion for a new trial is not excepted to, then whatever would be cause for a new trial stands as if not objected to; and an exception taken to the entry of a judgment entered on a verdict will only go to the errors theretofore appearing of record, to which an exception was taken that might properly arise on that objection and exception.

4. SAME—*to refusing new trial and entry of final judgment.* Where the bill of exceptions shows that the court overruled defendant's motion for a new trial, and that the court "entered a judgment in accordance with the finding of the jury, to the rendition of which the defendant then and there excepted," it was *held*, that as the order overruling a motion for a new trial, and the rendition of the judgment on the verdict, are separate acts and orders, the only question saved by the exception was the sufficiency of the judgment.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

Mr. CHARLES W. THOMAS, for the plaintiff in error:

The mere entry of a motion does not make the motion, or the reasons therefor, a part of the record, but this must be shown by a bill of exceptions. *Daniels* v. *Shields*, 38 Ill. 196.

From this it appears that the question was not whether the recital in the order that an exception was taken was sufficient,

but whether the bill of exceptions must show a motion for a new trial. *Stickney* v. *Cassell*, 1 Gilm. 418; *Dickhut* v. *Durrell*, 11 Ill. 72; *Vanderbilt* v. *Johnson*, 3 Scam. 48; *Miller* v. *Dobson*, 1 Gilm. 572; *Manufacturing Co.* v. *Horton*, 74 Ill. 310; *Pottle* v. *McWorter*, 13 id. 454; *Boyle* v. *Levings*, 28 id. 314; *Drew* v. *Beall*, 62 id. 164.

Mr. JESSE M. FREELS, and Mr. A. R. TAYLOR, for the defendant in error:

No exception having been taken or preserved by plaintiff in error to any ruling of the trial court, except the exception to the rendition of final judgment, this is the only ruling of said court that could be assigned for error in the Appellate Court, and this assignment of error is the only one that the latter could consider on the hearing of this cause in said court, and the ruling of the Appellate Court so holding is right. *Reichwald* v. *Gaylord*, 73 Ill. 505; *Graham* v. *People*, 115 id. 569; *James* v. *Dexter*, 113 id. 656; *Insurance Co.* v. *Peck*, 126 id. 494; *Steffy* v. *People*, 130 id. 98; *Railway Co.* v. *Wolf*, 137 id. 361; *Bromwell* v. *Bromwell*, 139 id. 424.

The exception does not purport to be to the action of the court in overruling the motion for a new trial, but is confined to the action of the court in rendering judgment on the verdict. The exception, to avail, must immediately follow the decision, and must be to the specific ruling. Elliott's App. Proc. secs. 786, 787.

Exceptions are not to be taken in gross to several rulings, but must be taken to each ruling as it arises on the trial. *Johnson* v. *McCulloch*, 89 Ind. 273; *Johnson* v. *Jones*, 1 Black. 220; *Dickhut* v. *Durrell*, 11 Ill. 84; *Walter* v. *Walter*, 117 Ind. 249.

An exception to a ruling upon a motion for a new trial is as essential as to any other ruling. (Elliott's App. Proc. sec. 795.) And where error is assigned to the overruling of the appellant's motion for a new trial, and the record fails to show

an exception thereto, no question is presented or before the appellate court. *Mansur* v. *Churchman*, 84 Ind. 573; *Henley* v. *McNoun*, 76 id. 380.

The bill of exceptions is the pleading of the party alleging the exception, and if liable to the charge of ambiguity, uncertainty or omission, it ought, like any other pleading, to be considered most strongly against the party who prepared it. *Rogers* v. *Hall*, 3 Scam. 6; *Garrity* v. *Hamburger Co.* 136 Ill. 514; *Monroe* v. *Snow*, 33 Ill. App. 232.

This bill of exceptions is the pleading of plaintiff in error, and to be taken against it, and "unless error is made to appear, the action of the trial court must be presumed to be correct." *Alley* v. *Limbert*, 35 Ill. App. 593.

The presumption is that the court below decided correctly, until the contrary is made to appear; and this must be, not from the inferences of anybody, but from the actual facts occurring upon the trial and set out in the bill of exceptions. *Lee* v. *Mound Station*, 118 Ill. 312.

Mr. JUSTICE PHILLIPS delivered the opinion of the Court:

This record shows no exception by appellant to overruling objections to the admission of evidence, nor to the giving or refusing of instructions. No exception was taken to the overruling of the motion for a new trial. The only exception by appellant is in the following words: "But the court overruled the motion, and rendered a judgment in accordance with the finding of the jury, to the rendition of which judgment the defendant then and there excepted." This exception was taken on entering judgment after overruling the motion for new trial, and it was held by the Appellate Court that the order overruling a motion for new trial, and the rendition of the judgment on the verdict of a jury, were separate acts, and that court held the only question before it was the sufficiency of the judgment, and that as no defect in that regard was

suggested, the judgment was affirmed. From that affirmance this appeal is prosecuted, and it is urged, first, that the order of court denying the motion for a new trial and entering judgment is one order; and second, that a recital in the judgment order of the court that an exception was duly taken to the denying a motion for new trial, opens the record, so that the error assigned, that the court erred in denying the motion, may be considered.

Both propositions so urged must be held adversely to the appellant's contention. A general exception can not be taken to several rulings as an exception in gross, but each exception must be taken to each ruling as it arises on the trial. (*Dickhut* v. *Durrell*, 11 Ill. 72; *Johnson* v. *McCullough*, 89 Ind. 270; *Walker* v. *Walker*, 117 id. 247.) A bill of exceptions must show the entering of a motion for new trial, its being overruled, and an exception to the order overruling the same, before an appellate court can consider any question of the admission or sufficiency of evidence, or error in giving or refusing instructions. The failure of the bill of exceptions to show this can not be obviated by the recitals of the judgment. *James* v. *Dexter et al.* 113 Ill. 654; *Graham et al.* v. *People*, 115 id. 566; *Firemen's Ins. Co.* v. *Peck*, 126 id. 493; *Steffy* v. *People*, 130 id. 98.

The order overruling a motion for new trial not being excepted to, whatever would be cause for a motion for new trial stands as if not objected to, and the exception taken to the entry of a judgment entered on a verdict would only go to errors theretofore appearing of record to which an exception was taken that might properly arise on that objection and exception. On that record it was not error for the Appellate Court to refuse to consider any question but as to the sufficiency of the judgment.

The judgment is affirmed.

*Judgment affirmed.*