## John McDavitt v. Thomas J. Boyer.

1. PRACTICE—*Objection on Ground of Variance Should be Raised in Trial Court.*—In a slander suit, where there was abundant proof of the substance of the allegations of the plaintiff's declaration, and where no specific variance was pointed out on the trial, an Appellate Court will not consider an objection, that the slanderous words alleged and those proved, do not correspond, if made before it for the first time.

2. SLANDER—*Prosecutor Exempt from Liability During Trial Only.*—While a person who is managing a prosecution before a justice of the peace on behalf of the people, on a complaint which he has himself preferred, is exempt from liability for whatever he may reasonably have

occasion to say in the course of such prosecution, yet this protection does not extend to what is said after the trial is over, when there is no longer any occasion or excuse for the use of slanderous language.

**Trespass on the Case,** for slander.   Appeal from the Circuit Court of Edgar County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1896.   Affirmed.   Opinion filed November 21, 1896.

HENRY S. TANNER and JOSEPH E. DYAS, attorneys for appellant.

S. I. HEADLEY and F. W. DUNDAS, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

Boyer brought an action on the case for slander against McDavitt, and upon a trial by jury, recovered a verdict for $1,000.   The court refused a new trial and rendered judgment accordingly, from which the present appeal is prosecuted.   The alleged slander consisted of a charge that the plaintiff had committed perjury and had suborned one Glover to commit perjury.

It was clearly proved that defendant did repeatedly utter slanderous charges substantially as alleged, imputing to plaintiff the crime of perjury and subornation of perjury. It is suggested in the brief that the evidence does not correspond with the allegations, meaning, as we suppose, that there is a variance between the words charged and those proved.

Such variance should have been pointed out at the time, so that the objection might have been obviated by amendment.   This was done in one instance.   There is abundant proof of the substance of the allegations, and where no specific variance was pointed out on the trial, we are not inclined to consider such an objection made here for the first time.   The chief defense is that the speaking of the words in question was privileged because done in the course of a prosecution on a charge of perjury and subornation thereof before a justice of the peace.   It appears that the parties had several suits growing out of trespasses by stock, that much ill-feeling resulted, and that the defendant made

said charge of perjury and caused the plaintiff to be arrested and brought before a justice of the peace for a preliminary examination.

During this proceeding the defendant made most of the slanderous charges in proof, and it is urged that what he so did on that occasion was within his privilege as prosecutor for the people. It has been held that an action will not lie for words spoken by a person who is managing a prosecution before a justice of the peace in behalf of the commonwealth, on a complaint which he has himself preferred. Hilliard on Torts, Vol. 1, p. 321, 3d Ed., citing Hoar v. Wood, 3 Met. 193. Assuming that such is the law as applicable here, it would exempt the defendant from liability for whatever he may have reasonably had occasion to say in commenting upon the evidence introduced. In other words, whatever may have been within the scope of the privilege of counsel in such case he might say, if he was conducting the case for the State, although he had preferred the charge.

Treating him with the utmost liberality, he would not be protected in what he said after the trial was over and the plaintiff had been acquitted, and it was shown that he was then very free in repeating the charges in question, when there was no longer any occasion or excuse therefor. It was also shown that before he made this complaint, he made a similar charge in a conversation he had with one Waltz. Other testimony was to the same effect, and there is little room to doubt that he was greatly incensed because of the controversies with the plaintiff and that he repeatedly and maliciously charged him with perjury and subornation thereof. He attempted to justify by showing that the plaintiff had testified falsely in one of the former trials. How far he succeeded in this was for the jury.

The brief of appellant is mainly, almost wholly, devoted to a discussion of the merits of the case as shown by the proof. No erroneous ruling of the court in admitting evidence is urged, except in a general way, that the court erred in admitting proof of what was said by defendant when he applied for the warrant before the justice of the peace. The same witness testified that at another time and place the

defendant repeated the slander. What he may have said when about to make a charge, so as to enable the justice to prepare a complaint in legal form, would perhaps be regarded as privileged, or in effect but a part of the formal complaint.

It is not clear from the abstract, nor, indeed, from the record, whether what he said when the warrant was obtained, was for the purpose of so informing the justice as to the matter to be embodied in the complaint, or whether it was a gratuitous and unnecessary repetition of the charge for a merely malicious purpose.

Whether what he then said was within the protection of the privilege, it is clear that his subsequent statements to the same effect were not.

We can not say that any substantial error was committed in this respect. Had it been desired to eliminate whatever was said on that occasion, or on the occasion of the trial, that may have been privileged, an instruction might have been asked stating the rule of law on the subject, but we find none such, nor any complaint as to the action of the court in giving or refusing instructions on either side.

Briefly, then, it is shown that defendant repeatedly made slanderous charges, actionable *per se*, against the plaintiff, not in course of judicial proceedings, and not within any protection of privilege on that account; that the proof so made amply supports the verdict, and that no error of substance on the part of the court contributing to the result has been disclosed. It is not complained that the damages are excessive.

We are of opinion that the evidence supports the verdict and that the judgment is responsive to the merits. It will be affirmed.