## Martin Harman v. Joab Brigham.

1. BILL OF EXCEPTIONS—*Must be Under the Seal of the Judge.*—A bill of exceptions without the seal of the trial judge is insufficient to preserve the evidence heard in the trial court and the ruling of that court on the evidence and motions as they arose on the trial, so this court can consider them.

2. NEW TRIALS—*Motion for, Must be Preserved in the Bill of Exceptions.*—The mere fact that the clerk of the Circuit Court certifies in the transcript of the record that a motion for a new trial was made, and has recited in the order of the Circuit Court, made on that motion, that the appellant excepted to the making of the order, is not sufficient, as, to be a part of the record, it must be preserved by bill of exceptions, and can not be made a part of the record in any other way.

**Action for Rent.**—Trial in the Circuit Court of McLean County, on appeal from a justice of the peace; the Hon. COLOSTIN D. MYERS, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

LIVINGSTON & BACH, attorneys for appellant.

F. B. McKENNAN, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The transcript of the record filed in this court by the appellant shows that there is no seal attached to the certificate of Judge Myers to what would be a bill of exceptions in this case if there was such seal. This amounts to no bill of exceptions in this case preserving the evidence heard at the trial in the Circuit Court, and the rulings of that court on evidence and motions, as they arose on the trial, so that we can consider them. Miller v. Jenkins, 44 Ill. 443.

Not only is what was designed as a bill of exceptions not sealed, as appears from this transcript, but it does not contain any motion for a new trial, or any instructions or any exceptions to the rulings of the Circuit Court on any motion for a new trial, or giving or refusing of instructions; hence the appellant is in no condition before this court to urge

any errors on any of these for that reason.    East St. Louis
Electric R. R. Co. v. Cauley, 148 Ill. 490.

The clerk of the Circuit Court has certified in the tran-
script of the record that a motion for a new trial was made,
and has recited in the order of the Circuit Court, made on
that motion, that the appellant excepted to the making of
the order; but that is not sufficient, as that, to be a part of
the record, must be preserved by bill of exceptions, and can
not be made a part of the record in any other way.    Cauley
case, *supra*.    All errors relied upon by the appellant to
reverse this judgment are such as to call for an examina-
tion of such matters as must be preserved by bill of excep-
tions, and as there is none we must presume the judgment
rendered by the court below in this case was warranted by
the evidence and is in accord therewith.    Judgment
affirmed.