## John McDavitt v. Thomas J. Boyer.

1. APPELLATE COURT PRACTICE—*Defective Records and Abstracts.*— Where the transcript of the record and the abstract contain no assignment of errors, as required by the rules, the appellant is not in a position to insist upon reversing the judgment appealed from for the reasons that the court improperly refused to allow his motion to strike the amended declaration from the files; that the verdict is contrary to the evidence, and that the damages are excessive.

**Action for Slander.**—Trial in the Circuit Court of Edgar County; the Hon. FRANK K. DUNNE, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed June 3, 1899.

GEORGE A. VANDYKE, attorney for appellant.

S. I. HEADLY and J. W. HOWELL, attorneys for appellee.

Mr. Presiding Justice Burroughs delivered the opinion of the court.

This was an action on the case for slander, by the appellee against appellant, tried by jury in the Circuit Court of Edgar County, resulting in a verdict and judgment for $800. The appellant prosecutes an appeal to this court, and urges us to reverse that judgment for the following reasons: That the court improperly refused to allow his motion to strike the amended declaration from the files; that the verdict is contrary to the evidence, and that the damages are excessive. This case was before us at a former term (67 Ill. App. 452), and was taken by appeal to the Supreme Court, where the judgments of this and the Circuit Court were reversed and the case remanded to the latter court for another trial (169 Ill. 475). It was afterward tried twice in the Circuit Court, and the verdict of the jury in all the trials have been against the appellant. The transcript of the record in the case now before us, while it contains all the evidence, does not contain a motion for a new trial, a motion to strike the amended declaration from the files or any instructions.

Nor does the printed abstract of the record filed here by the appellant contain any assignment of errors on the record, as is required by our rules.

With the record in this case in the condition stated, the appellant is not in a position in this court to insist upon our reversing, or ought we to reverse, the judgment appealed from, for any of the reasons he urged in his oral argument or those urged by his counsel in the printed brief filed here in his behalf, being those stated above. See I. C. R. R. Co. v. O'Keefe, 154 Ill. 508; East St. Louis & L. E. R. R. Co. v. Cauley, 148 Ill. 490; Harman v. Brigham, 78 Ill. App. 427; and Superior Lumber Co. v. Tracey et al., 78 Ill. App. 551.

Appellee's counsel have not noticed or urged us to charge the appellant with the consequences of the defects in this record, as above stated, but have filed a printed argument herein in which they contend that the evidence fully justi-

fies the verdict for the amount of damages assessed, and the judgment rendered thereon.

We have therefore read and fully considered the evidence, and while we find some conflict on material questions of fact, yet there is ample to justify the conclusion reached that the appellant did wrongfully and maliciously utter and publish some of the slanderous accusations against the appellee with which the declaration charges him, and that the appellee was damaged thereby; and the record further discloses that three juries have been convinced that the witnesses who testified for the appellant were worthy of belief.

With the record in the condition we have pointed out and not desiring to invade the province of the jury in settling disputed questions of fact, we are compelled to affirm the judgment appealed from. Judgment affirmed.