### Grover E. Morris, by next friend, v. Chicago Union Traction Company.

#### Gen. No. 11,883.

1. OVERCROWDING OF CARS—*what will not relieve carrier of liability from.* The fact that the injury was occasioned by the wrongful act of the passengers desiring to alight in pushing their way out before the car stopped, will not relieve the defendant from the consequences of the overcrowding of the out-bound train.

2. NEGLIGENCE—*when question of, must be submitted to the jury.* If there be any evidence to support the claim of the plaintiff of negligence on the part of the employees of the company, that question must be submitted to the jury and the court has no right to take it from them by directing a verdict for the defendant.

3. NEGLIGENCE—*when instruction upon, erroneous.* Where there is a conflict as to whether the plaintiff was a passenger, an instruction is erroneous which prevents the plaintiff from recovering for injuries inflicted upon him by the employees of the defendant, notwithstanding they may have been guilty of the grossest negligence, unless the jury believe that the plaintiff has proved by a preponderance of the evidence "that at the time and place in

question he was a passenger on one of the cars of the defendant."

4. NEGLIGENCE—*when instruction upon, erroneous.* An instruction for the defendant which ignores theories of recovery relied upon in the declaration, is erroneous.

5. DECLARATION—*what sufficient proof to sustain recovery under.* If, of the matters alleged in the declaration, enough are proved to support a claim for damages, it is a matter of indifference that other allegations are not supported by the evidence.

Action on the case for personal injuries. Error to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed April 10, 1905.

**Statement by the Court.** The plaintiff brought an action for personal injuries caused, as he alleges, by the negligence of the defendant. Upon the trial the jury returned a verdict in favor of the defendant. To reverse the judgment entered upon that verdict the plaintiff perfected this appeal.

The accident happened October 7, 1899, between 10 and 11 o'clock at night near the intersection of Milwaukee avenue, which runs northwest and southeast, and Noble street, which runs north and south, in the City of Chicago. The defendant, at the time in question, owned and operated two street railway tracks in and along that avenue. Three trains were at the scene of the accident, namely, an outbound cable train running northwest on the northeasterly track in said avenue, an electric car which was following the first train on the same track at a distance of less than a block behind, and an in-bound cable train running southeast upon the other track. The plaintiff was on the first out-bound train. As the in-bound train was passing the one on which plaintiff was riding, he was pushed out or leaned out or was crowded off the car so that he was struck by the in-bound train and thrown to the ground. While there he was run over either by the in-bound train or by the following electric car, and his left leg was crushed so that the surgeons were compelled to cut it off below the knee, and other injuries were inflicted upon him.

The declaration consisted of three counts. The first count sets up that the plaintiff was a passenger upon the

first out-bound train; that near Noble street it met and passed the in-bound train; that the defendant so carelessly managed said two trains and so carelessly loaded and located the passengers on said trains, that when said trains were so passing, and while the plaintiff was exercising due care for his own safety, he was struck by the passing train and its contents and caused to be thrown violently to the ground and to be temporarily deprived of his senses, in consequence whereof one of his legs was run over by the following car, etc.

The second count follows the first count, adding thereto the allegation that the servants of the defendant in charge of the following electric car, after plaintiff was knocked to the ground unconscious with one of his legs across a portion of the track, either saw, or by the exercise of reasonable diligence in looking ahead would have seen that he was in a place of danger in time to have stopped their car before it struck him, but they negligently failed to look ahead of said car as it was proceeding, and neglected to use proper efforts to stop said car, and negligently caused said car to run over his leg, etc.

The third count sets up that the plaintiff was a passenger upon the first out-bound car, and while in the exercise of due care for his safety was struck by the passing in-bound train and thrown violently to the ground and temporarily deprived of his senses; that the defendant neglected to observe, as it should, that the plaintiff was in a place of danger where he was likely to be injured by a passing car, and neglected to warn him that he was in such place of danger, and was guilty of negligence in failing to stop said train and give him a chance to remove from said place of danger; that had the employees in charge of said trains exercised reasonable diligence to observe they would have known that he had been thrown to the ground and made insensible and placed in a helpless and dangerous position upon its track, where he was likely to be injured by cars following the train on which he had been a passenger; and said employees were guilty of negligence in failing to ob-

34

serve that the plaintiff was in a place of danger, and were guilty of negligence in failing to warn the persons in charge of the car thus following in time to stop said car before it had injured the plaintiff, etc.

It is apparent that the employees charged with negligence in the first and third counts are the same, namely, the employees operating the first out-bound and the in-bound cars; while in the second count the employees operating all three of the care are charged with negligence.

The defendant pleaded the general issue. At the close of all the evidence, upon motion of the defendant, the court instructed the jury to find the defendant not guilty, under the first count of the indictment; to which action of the court the plaintiff duly excepted.

It appears from the evidence on the evening in question there had been a great bicycle parade in the heart of the city; that thereby the passage of the Milwaukee avenue cars was blocked for several hours; that about 10 p. m. traffic was resumed, the train on which the plaintiff was riding being the first one to leave the south side; that this train, which consisted of a grip-car, the front half of which was open, and the rear half boxed in, and two open trailers, was crowded in every part. Witness B. M. Sigerman says: "The grip was crowded very much. There were people riding on top of the car." Henry Rawicz: "But the car was crowded and they were standing out. * * * There were people standing all along the running-board." Jacob Banovitz: "There was a very big crowd. On top, underneath, all over was full." The plaintiff: "One man stood to the left of me; the space in front of me was jammed. The right hand side of the car was occupied also. The alley way that led to the gripman was jammed full of people. People were standing on the running-board." Henry Seekamp, the gripman in charge of this first out-bound train, says: "Our train was overcrowded. We had all we could carry, all that could possibly get on."

SAMSON & WILCOX, for plaintiff in error.

JOHN A. ROSE and ALBERT M. CROSS, for defendant in error; W. W. GURLEY, of counsel.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

The evidence is in conflict upon the main points in the case, except as to the nature of the plaintiff's injuries. The plaintiff claims that he got on the grip car at Erie street, nearly a mile distant from the scene of the accident, for the purpose of becoming a passenger, with his fare in pocket and ready to be paid upon demand. The claim of the defendant is that the plaintiff, in company with several other boys, had been flipping on the trailers of this first out-bound train all the way out from the city, jumping on and off to avoid the conductor, and hanging to the side of the cars next the other track, where the foot-board was not down and entrance to the car was barred by a wire frame work running the whole length of the car. The evidence for the plaintiff tends to prove that he was crowded to a point where he was knocked off by the passing train as his train was slowing up to stop at a street crossing, and that his leg was run over by the following electric car. That of the defendant tends to prove that he was hanging onto the outside of the wire frame work, and that on the approach of the conductor he jumped to the southwest, and after jumping was struck by the in-bound train and thus received his injuries. The evidence of the respective parties also differs as to the care, or the want of it, exercised by the motorman of the electric car. It is not necessary for us to set out the evidence in detail, nor to decide whether or not the verdict is supported by the evidence, for the reason that this case must be reversed upon other grounds.

The first count alleged negligence upon the part of the employees in charge of the train upon which the plaintiff was riding, and of those in charge of the in-bound train. The court instructed the jury to find the defendant not guilty under this count.

A railroad company, as a carrier of passengers, is held

to the use of the highest degree of care for the safety of its passangers consistent with the mode of conveyance and the practical operation of its road. N. C. St. Ry. Co. v. Polkey, 203 Ill. 233. This includes a provident care to guard against the happening of accidents, a reasonable anticipation of dangers that may threaten its passengers, and the exercise of a high degree of care to avoid such dangers. The crowded condition of the out-bound train, because of which some of the passengers were compelled to stand and were permitted to stand on the foot-boards, called for greater care upon the part of the employees in charge of these passing trains. The fact that the injury was occasioned by the wrongful act of the passengers desiring to alight in pushing their way out before the car stopped will not relieve the defendant from the consequences of the overcrowding of the out-bound train. Booth on Street Railways, 481.

It is not disputed that the train on which the plaintiff was being carried was overcrowded. The gripman says, "We had all we could carry, all that could possibly get on." The cars, including platforms, were full. Many passengers were standing on the foot-boards. The evidence tends to show that the out-bound train, at the time of the accident, was slowing down to a stop for the purpose of letting off passengers; that those desiring to alight were pushing their way out; that in their efforts to leave the car they crowded the plaintiff out so that his body was dangerously near the in-bound track; that the employees of the in-bound car saw, or might have seen, in the exercise of that degree of care which the law imposes upon them, that the out-bound car was overloaded and was about to stop, and knew, or might have known, that in the effort of others to alight the passengers standing upon the foot-boards might be pushed from their places, yet they continued on their way until their train had passed the out-bound train and had knocked the plaintiff to the ground.

The law is well settled that if there be any evidence to support the claim of the plaintiff, as set forth in this first count, of negligence on the part of the employees of these

passing trains, that question must be submitted to the jury, and the court has no right to take it from them by directing a verdict for the defendant upon that count. In our opinion the action of the court in this regard was reversible error.

The 18th instruction given at the request of the defendant reads as follows:

18. "The court instructs the jury that the plaintiff has alleged in his declaration, and in each count thereof, that at the time and place in question he was a passenger on one of the cars of the defendant. This is a material allegation of the declaration and the burden of proof is upon the plaintiff, and he must prove said allegation by a preponderance or greater weight of the evidence before he can recover in this case. If you find from the evidence, under the instructions of the court, that the plaintiff has failed to prove by a preponderance or greater weight of the evidence in this case that at the time and place in question the plaintiff was a passenger on said car, then he cannot recover and you should find the defendant not guilty."

This instruction prevents the plaintiff from recovering for injuries inflicted upon him by the employees of defendant in charge of the electric car, notwithstanding they may have been guilty of the grossest negligence, unless the jury believe that the plaintiff has proved by a preponderance of the evidence "that at the time and place in question he was a passenger on one of the cars of the defendant." If the plaintiff while crossing the street had fallen upon the tracks of the defendant in a fit, and thus rendered unconscious, the defendant, through its servants in charge of the electric car, would owe him the duty of exercising ordinary care not to run over him.

As we read the declaration, the allegation is that plaintiff was a passenger on the train from which he was knocked off. It is only by inference that he can be considered as a passenger while lying on the ground. There is no direct allegation to that effect.

It does not follow that plaintiff's action necessarily must

fail if he has not established by a preponderance of the evidence that he was a passenger on one of the cars of the defendant. If the evidence shows that the plaintiff, without fault on his part, was injured by and through the negligence of the defendant's employees, he is entitled to a recovery, whether or not he was or had been a passenger. If of the matters alleged in the declaration enough are proved to support a claim for damages, it is a matter of indifference that other allegations are not supported by the evidence. Rock Island v. Cuinely, 126 Ill. 411; approved in Joliet v. Johnson, 177 Ill. 180.

This instruction selects and sets forth one allegation of substance in the declaration, and tells the jury unless that allegation be proven they must find the defendant not guilty. This is not the law. In actions of tort the plaintiff may prove a part of his charge, if the averment is divisible, and there be enough proved to support his case.

The 20th instruction, tendered by the defendant, reads:

20. "If the jury believe from the evidence, under the instructions of the court, that the plaintiff was riding upon defendant's cable train proceeding in a northwesterly direction upon Milwaukee avenue, and that he was clinging to one of the cars on the side next to the parallel track, and that he jumped or dropped or fell or was knocked off said car and fell upon the track, and if you further believe from the evidence, under the instructions of the court, that he lay with one leg over one of the rails of said track in front of an electric car which was following the train upon which he had been riding, then the court instructs you that the servant or servants in charge of said electric car were only bound to exercise ordinary care and caution to avoid injuring the plaintiff after they had time and opportunity in the exercise of ordinary care and caution, to become conscious of his danger and reasonable time and opportunity to perform such duty as thus defined. And if the jury believe from the evidence, under the instructions of the court, that the servant or servants of the defendant in charge of said electric car, became conscious

Morris v. Chicago Union Traction Co.

as soon as possible, by the exercise of ordinary care, of the plaintiff's danger and that they exercised ordinary care to avoid injuring him after becoming conscious of the plaintiff's danger, in such case the plaintiff can not recover herein for an injury by said electric car."

This instruction holds that if the plaintiff was riding on the first out-bound train, and "that he was clinging to one of the cars on the side next to the parallel track, and that he jumped or dropped or fell or was knocked off said car and fell upon the track," and that the employees in charge of the electric car exercised ordinary care to avoid injuring him, he "cannot recover herein for an injury by said electric car."

The jury are not called upon by this instruction to find from the evidence that the plaintiff was not a passenger, and was not riding where he is stated to have been with the knowledge and consent of the servants in charge of the outbound train. It is silent as to the crowded condition of that train. It forbids a recovery, no matter how gross was the carelessness of the servants of the passing trains which caused him to be "knocked off said car," if the servants in charge of the electric car exercised ordinary care to avoid injuring him after they became conscious of his danger. This instruction in effect told the jury that the servants of the carrier may knock a passenger off the train upon which he is riding, either by careless management of the train, or even wilfully, and the defendant go scot free, if its servants in charge of its following train cuts off one of his legs without fault upon their part. In our opinion this instruction violates the plainest principles of law, and the giving of it is reversible error.

The judgment of the Superior Court is reversed and the cause is remanded.

*Reversed and remanded.*