SWANN, Judge.
National Union Fire Insurance Company brought this action for declaratory relief seeking to escape paying its own insured (Garcia) for injuries suffered in an automobile accident with a third party tort- *13 feasor, even though García carried uninsured motorist coverage, and it appears that he will have no chance of recovery from the third party tortfeasor. Summary final decree was granted for the insurer and the insured now appeals. We reverse.
The facts do not appear to he in dispute. Garcia, the insured, and his infant son, suffered injuries when a tortfeasor’s car collided with the rear of the car driven by the insured. The tortfeasor, whose license had been suspended, had secured an automobile liability policy through the financial responsibility assigned risk pool. This policy, issued by the International Automobile Insurance Exchange of Indianapolis, Indiana, (hereinafter referred to as “the tortfeasor’s insurer”), was certified to the financial responsibility division of the Insurance Commissioner’s office, and an SR-22 certification form was filed prior to the accident. At the time of the accident, the tortfeasor’s driver’s license was suspended.
Garcia’s attempts to recover from the tortfeasor’s insurer were thwarted when liability was denied on the grounds that the policy issued to the tortfeasor excluded coverage when the car was being operated by one who had no valid driver’s license. The tortfeasor’s insurer later became insolvent (more than one year later) and subsequently Garcia made demand upon his own insurer for arbitration pursuant to the uninsured motorist provisions of his policy. At this point, National Union instituted the present action. Neither the tortfeasor nor his insurer are parties to this action.
On appeal, counsel for both sides have ably argued the question of whether the exclusionary clause in the tortfeasor’s policy was valid in light of the certification of coverage under the Financial Responsibility Act.
The legislature has not given us (not to mention insurers and policy holders) a clear indication of the scope of coverage afforded, after certification, under the act. Is the coverage to be one of strict liability tantamount to a surety bond? What defenses, if any, may an insurer assert against the injured party? What exclusions, if any, are valid? When may such a policy be cancelled, etc.?
We are hesitant to construe the terms of such a policy when neither party to the contract is before the court. We therefore indulge in the presumption that a contract prepared by an attorney, as an automobile policy undoubtedly must be, was drawn with reference to applicable law. See Nau v. Vulcan Rail & Construction Co., 286 N.Y. 188, 36 N.E. 106 (1941). In the absence of a clear legislative intent to the contrary, or prior adjudication of this particular contract, we presume the exclusion to have been a valid one, making the tort-feasor an uninsured motorist and thus entitling the Garcias to collect from National Union, c. f. Zipperer v. State Farm Mutual Automobile Ins. Co. (5th Cir., 1958), 254 F.2d 853.
The Garcia policy, which is properly before us, provides:
* ❖ * * * *
“ ‘uninsured automobile’ includes a trailer of any type and means:
“(a) an automobile or trailer with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, * * (Emphasis added.)
jfc if: ^4 # ‡
Since we have determined that under these circumstances the tortfeasor had no insurance policy applicable at the time of the accident, he was, under the Garcia policy, an uninsured motorist. We expressly refrain from ruling upon the validity and effect of an exclusion in policies which have been certified under the Financial Responsibility Act until such time as the question is properly before us.
*14 No material issue of fact having been shown, the summary final decree is hereby reversed with instructions to enter a final decree as to liability only for the defendants, Garcias.
It is so ordered.